PEOPLE ex rel. APRIL v. BUTLER, Tenement House Com'r.

(Supreme Court, Appellate Division, First Department.   December 20, 1907.)

MANDAMUS—MUNICIPAL CORPORATIONS—REMOVAL OF OFFICERS AND EMPLOYÉS
—COMPELLING REINSTATEMENT.

Greater New York Charter, Laws 1901, p. 636, c. 466, § 1543, provides that no employé in the classified civil service shall be removed until he has been allowed an opportunity of making an explanation, and, in every case of removal, the true grounds thereof shall be forthwith entered upon the record of the department. Charges were preferred against relator, a tenement house inspector, who was suspended pending the hearing. Before the time fixed for explanation, he tendered his resignation, which respondent, the tenement house commissioner, did not accept. After his explanation, additional charges were made against relator, and a time fixed for a second hearing, at which relator did not appear, writing that he had an attack of influenza; and he did not appear before respondent afterwards. Respondent dismissed relator, but through inadvertence the ground of dismissal was placed upon the last charges made. Upon the mistake being called to his attention, respondent corrected the record to show that the dismissal was upon the charges as to which relator had made explanation. *Held*, that relator was validly discharged, and that respondent should not be compelled to reinstate him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 167, 168.]

Appeal from Special Term.

Mandamus by the people, on the relation of Nathan April, against Edmond J. Butler, to compel respondent, as tenement house commissioner, to reinstate relator as inspector. From an order denying the motion, and from an order denying a motion for leave to renew, relator appeals. Orders affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Samuel M. Levy, for appellant.
Theodore Connoly, for respondent.

INGRAHAM, J.   The relator was an inspector in the tenement house department of the city of New York.   Charges of misconduct and incompetency were preferred against him, a copy of which was served upon him, and he was given an opportunity to explain them at a time and place fixed.   He was then suspended from duty without pay pending the disposition of such charges against him.   While these charges were pending, the relator tendered his resignation, which the commissioner did not accept.   After the relator's explanation had been submitted to the commissioner, additional charges of misconduct and incompetency were made against him, a copy of which was also served upon him and a time fixed to submit his explanation to the commissioner.   On the day that he was to appear before the commissioner, the relator did not appear, but sent a letter, stating that he was unable to attend owing to an attack of influenza.   No physician's certificate or affidavit was submitted.   The relator did not subsequently appear before the commissioner after he recovered from his attack of influenza, nor does it appear that this communication was received by the commissioner on the day the relator was required to submit his ex-

planation. Subsequently the defendant dismissed the relator; but through inadvertence the ground of dismissal was placed upon the last charges that were made, and in relation to which the relator had submitted no explanation. As soon as attention was called to this mistake, the record was corrected by the defendant, so that it appeared that the dismissal was upon the charges as to which the relator had made an explanation, and, in reply to this application for a mandamus, the commissioner submitted an affidavit in which he states that the relator was actually dismissed upon the charges as to which he had made an explanation, as he believed that the relator was guilty of such charges.

It is entirely clear that the charges of extortion fully justified the defendant in dismissing the relator; that the defendant acting upon these charges actually found him guilty and acted upon them, and the only claim made is that the record showed that the removal was upon the charges as to which the relator had had no opportunity of explanation. The relator based his right to be reinstated upon section 1543 of the charter (chapter 466, p. 636, Laws 1901), which provides that no employé in the classified civil service subject to competitive examination shall be removed until he has been allowed an opportunity of making an explanation, and, in every case of a removal, the true grounds therefor shall be forthwith entered upon the records of the department, and a copy filed with the municipal civil service commission. The prohibition against a removal is that the relator should not be removed until he has been allowed an opportunity of making an explanation. It is not claimed that he was not allowed an opportunity of making an explanation in regard to the charge of extortion, and by the affidavit of the defendant it appears that he was removed upon those charges in relation to which his explanation had been heard. It seems to me, therefore, that there can be no question as to the validity of the discharge. The statute does not provide that a failure of the commissioner to perform the duty imposed by this last clause of the section above quoted in failing to file and transmit to the municipal civil service commission the true grounds thereof should entitle the removed officer to be reinstated, nor is there any provision which fixes the time within which the officer making the removal must enter upon the records of the department and file with the municipal civil service commission the grounds of removal. He could undoubtedly be required to perform that duty by mandamus, but an omission to state the true grounds of removal would not entitle the removed officer to reinstatement. In this case it appeared, when the motion was made, the commissioner had attempted to comply with this provision, but by inadvertence had stated the wrong charges that he had acted upon in removing the relator, and that mistake had been corrected, so that, when the application came before the court, the statute had been complied with. Charges had been made; copies served upon the relator. He had been allowed an opportunity of making an explanation. He had explained. The explanation was not satisfactory. The commissioner found him guilty of the charges and removed him, and had entered upon the records of the department the true grounds of the removal, and a copy

thereof had been filed with the municipal civil service commission. The statute had therefore been complied with, and certainly under those circumstances the court would not have been justified in reinstating the relator.

The orders appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.