PEOPLE ex rel. BROWN v. O'BRIEN, Commissioner of Department of Water
Supply, Gas, and Electricity of City of New York.

(Supreme Court, Appellate Division, First Department: March 24, 1910.)

1. MANDAMUS (§ 172*)—NATURE OF PROCEEDING—REVIEW OF REMOVAL FROM
OFFICE.

A mandamus proceeding does not act as a writ of review, and, if oppor-
tunity to make an explanation before removal was granted to one seeking
restoration to his office, the court will not consider whether the charges
against him ought to have been sustained.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 172.*]

2. MUNICIPAL CORPORATIONS (§ 159*)—REMOVAL FROM OFFICE—CIVIL SERVICE
REGULATIONS.

The filing by a commissioner of a department of New York City of a
statement of the grounds of removal from an office in the classified civil
service as required by the civil service rules is not a condition precedent,
but is enough if it is subsequently filed.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
159.*]

3. MUNICIPAL CORPORATIONS (§ 155*)—REMOVAL FROM OFFICE—PROCEDURE.

A commissioner of a department of New York City is vested with the
power of removal from an office in his department, when he follows the
procedure provided by the statute.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
155.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Frank E. Brown,
against John H. O'Brien, as Commissioner of the Department of
Water Supply, Gas, and Electricity of the City of New York. From
an order directing a peremptory writ, respondent appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Archibald R. Watson, Corp. Counsel (Terence Farley, of counsel,
and Theodore Connoly, on the brief), for appellant.

Flynn & Hess (Henry S. J. Flynn, of counsel, and Samson Fried-
lander, on the brief), for respondent.

CLARKE, J.   This is an appeal from an order of the Special Term
directing a peremptory writ of mandamus to issue commanding the
commissioner of water supply, gas, and electricity of the city of New
York to forthwith and immediately restore, reinstate, and retain Frank
E. Brown, the relator, to and in the office and position of electrical
engineer of the electrical bureau for the boroughs of Manhattan and
the Bronx.

Relator was in the classified civil service, and was the head of a
bureau, and therefore, under section 1543 of the Charter (Laws 1901,
c. 466), he could not be removed until allowed an opportunity of
making an explanation.  He was suspended.  An investigation was
going on in regard to his bureau.  He waited some months and began
proceedings for a mandamus.  He was then served with notice of
charges and given an opportunity to appear on the 8th of February
to give an explanation or was permitted to do so in writing.  He

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

chose to submit on that day a voluminous answer in writing by his counsel. The commissioner inquired if he desired to appear for further explanation, and the answer was that he did not care to attend or appear in person. Thereafter the commissioner removed him. He did not at once, however, file the reasons therefor as required by the civil service rules, but, when that was called to his attention by these proceedings, he promptly did so.

We have held repeatedly that a mandamus proceeding does not act as a writ of review, and, if the opportunity to make an explanation has been granted, we will not consider whether the charges ought to have been sustained. In People ex rel. April v. Butler, 122 App. Div. 790, 107 N. Y. Supp. 833, we held that the filing of the statement of the grounds of removal as required by the civil service rules was not a condition precedent, but it was enough if said statement was subsequently filed.

The commissioner in his answer stated that he found relator guilty of the particular charges, after having given him an opportunity for an explanation and after consideration thereof. There is nothing for the court to review in this proceeding.

The commissioner is vested with the power of removal when he follows the procedure provided by the statute.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs. All concur.

---

(136 App. Div. 852.)

In re KINN.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. WILLS (§ 845*)—DECEDENT'S PROPERTY SUBJECT TO DEBTS—NOTICE—BONA FIDE PURCHASERS.

The purchaser from a devisee of land belonging to a decedent's estate is bound to take notice that there is, by law, a quasi lien on the same in behalf of creditors for a period of three years.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2158; Dec. Dig. § 845.*]

2. EXECUTORS AND ADMINISTRATORS (§ 325*)—SALE OF LAND TO PAY DEBTS.

The fact that there are valid claims against a decedent's estate largely in excess of the personal property, of itself, warrants a sale of real estate to pay debts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1339–1341; Dec. Dig. § 325.*]

Appeal from Surrogate's Court, Kings County.

Application by Peter Kinn, executor of Anna Kinn, deceased, for leave to sell real estate for payment of debts. William Auer intervened and filed objections. From a decree of sale, intervener appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

---