In the Matter of the Application of RAY E. MacMILLAN, Petitioner, for a Peremptory or Alternative Mandamus Order against HENRY MORGENTHAU, JR., Conservation Commissioner of the State of New York, Respondent.

Supreme Court, Albany County, February, 1933.

*Burdette Whipple*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*, of counsel], for the respondent.

SCHENCK, J. This is an application for a peremptory or alternative mandamus order directed to the Conservation Commis-

sioner of the State of New York for the reinstatement of Ray E. MacMillan as game protector for Cattaraugus county, from which office he has been removed.

The petitioner was appointed after a competitive civil service examination on January 1, 1932. On or about September 15, 1932, he was served with a notice, in writing, pursuant to the provisions of subdivision 2 of section 22 of the Civil Service Law, together with copy of charges, which charges alleged disobedience of departmental orders. Pursuant to the said notice of September fifteenth, the petitioner was given an opportunity to file an answer with the Conservation Commissioner, answering such charges, which answer was duly filed on September 27, 1932. By notice in writing, dated October 11, 1932, the Conservation Commissioner advised petitioner that after consideration of the charges and after consideration of petitioner's answer thereto, he had reached the conclusion that the charges had been proven and sustained, and that pursuant to subdivision 2 of section 22 of the Civil Service Law, petitioner was dismissed from the position of game protector.

The Civil Service Law, in so far as it relates to this application, provides in section 22 that every person whose rights may be in any way prejudiced contrary to the provisions of that section shall be entitled to a writ of mandamus to remedy the wrong. Subdivision 2 of section 22 reads as follows:

" Subdivision 2. Removals generally. No regular clerk or head of a bureau or other officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for reasons stated in writing, and the person whose removal is sought shall have notice of such proposed removal, and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing. In case of a removal, such statement of reasons for the removal, copy of charges preferred and answer thereto shall be forthwith entered upon the records of the department or office in which he has been employed, and a copy filed with the state civil service commission, or if the person is in the service of a city, with the municipal civil service commission of such city. Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department or change the provisions of section thirteen of the civil service law."

There appears to be no provision for a certiorari order in subdivision 2, and petitioner's remedy, therefore, must be by mandamus, that being the only remedy afforded him under that subdivision of the Civil Service Law, and from the moving papers

it is apparent that he rests his claim solely upon the provision of the statute referred to.

The requirements of the statute appear to have been carefully followed in the proceeding leading up to the dismissal of petitioner and he has been accorded every right to which he is entitled. It is not for this court to consider the charges on the merits. In *People ex rel. Brown* v. *O'Brien* (137 App. Div. 311) the court held that a mandamus proceeding does not act as a writ of review, and hence, where an opportunity has been given an employee to answer or explain the charges made, the court will not consider whether or not such charges should have been sustained, as the head of a department is vested with the powers of removal when he has followed the procedure provided by the statute.

I am not unmindful of the rule laid down by the Court of Appeals in *Matter of Griffin* v. *Thompson* (202 N. Y. 104), that where the charges are frivolous, unsubstantial, vague or trivial, the petitioner is entitled to relief by mandamus. But in the instant case these charges are not frivolous. The petitioner is charged by the head of a State department with willful disobedience of departmental orders, and though he has attempted to give an explanation for the disobedience of such orders, this court will not interfere on the theory " that the explanation given by the subordinate should have satisfied the head of the department." (*Matter of Griffin* v. *Thompson, supra.*)

That a civil service employee may be removed from his position for cause is well established by the decisions of our courts. No person is possessed of an inalienable right to his position in the State service simply because he may have secured it by competitive examination, and no department in the State government should be compelled to retain a disobedient employee.

The petitioner was given an opportunity to answer the charges. His answer, covering eight typewritten pages, was found by the Commissioner to be an insufficient explanation of his disobedience to departmental orders. He was thereafter dismissed from the service, in compliance with the provisions of subdivision 2 of section 22 of the Civil Service Law. It was not a summary dismissal such as may be found in *Matter of Crowley* v. *Fowler* (217 App. Div. 16). All of the omissions to comply with the statute pointed out by the court in that case have been strictly complied with here.

The fact that a subordinate believes that the affairs of a State department can be best administered by following the course of procedure which his own judgment dictates and, therefore, decides to disobey the orders of the head of his department is not likely to impress any court. It is not for the subordinate to determine how

the affairs of a State department should be administered. Administration of a State department rests with the head of that department. It is his duty and his obligation to the State to establish regulations and issue such orders as will allow his department to properly function, and willful disobedience of established rules or departmental orders promulgated in good faith may well be cause for dismissal.

Similar applications have been denied by our courts upon the authority of *People ex rel. Brown* v. *O'Brien* (*supra*), and it has been held in those cases that the head of the department, having complied with the statute, the petitioner was properly removed and mandamus would not lie.

Order may be entered denying the application of the petitioner, without costs.