In the Matter of the Application of CLARENCE C. DeLACK, Petitioner, for an Order against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, GRACE A. REAVY and Others, Civil Service Commissioners of the State of New York, MORRIS S. TREMAINE, Comptroller of the State of New York, Defendants.

Supreme Court, Special Term, Albany County, February 8, 1939.

*John T. DeGraff*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Patrick H. Clune, Assistant Attorney-General*, of counsel], for the defendants.

BERGAN, J.   For some time before November 15, 1935, petitioner occupied the position of associate grade separation engineer in

the State Department of Public Service, in the competitive class of the State civil service. On that date he was suspended from the service through no fault of his own, because a reduction in the appropriation of the department required such suspension. His name was thereupon placed upon the " preferred list " of the civil service for the position of associate grade separation engineer and has since continued on such list. The preferred list is maintained in pursuance of section 31 of the Civil Service Law, which provides that upon the separation from the service of a person holding a position in the competitive class through abolition of the position, he shall be deemed suspended without pay and his name shall be " entered upon a preferred list for the position last held by him or any other position having the same or similar requirements for entrance." The statute imposes the plain duty upon the State Civil Service Commission to certify names for reinstatement from a preferred list for the position last held or for " any corresponding or similar office or position in the same class " in the order of original appointment " before making certification from any other list for such position or similar position."

On December 19, 1936, a promotion examination was held by the Civil Service Commission, open only to employees of the Department of Public Works, for promotion to the position of associate grade separation engineer in that department. As a result of this examination, Carroll F. Blanchard was promoted in the Department of Public Works to the position of associate grade separation engineer on April 1, 1937. This was at a time when petitioner's name was on the preferred list for that position.

The directions of the statute are too explicit for debate. Appointments to the same or substantially similar positions in the same class must be made from a preferred list if there is one. The distinction in departments of the civil service is not important. The test is the identity or substantial similarity of positions in the same class of the service. A list for a department established as the result of a promotion examination open to employees of that department must, by the express language of the statute, yield to the precedence of an existing preferred list. The certification from such a preferred list must be made " before making certification from any other list," and the words " any other " certainly include a list established as the result of a promotion examination.

The petitioner seeks an order in pursuance of article 78 of the Civil Practice Act directing his reinstatement to the position of associate grade separation engineer in the place now occupied by Blanchard in the Department of Public Works. Upon the return of the petition, the facts are conceded, but defendants contend

the petition should be dismissed for laches. The proceeding was commenced October 3, 1938, about a year and a half after the appointment of Blanchard, who has occupied the position throughout that period.

The proceeding, which seeks to compel the performance of a duty enjoined by law upon public officers (Civ. Prac. Act, § 1296), would, prior to the enactment of article 78, have been in the nature of mandamus. That remedy was without statutory limitation of time, but under a rather consistent judicial policy, the relief was usually withheld when the proceeding was not instituted within the four-month period allowed by statute for the maintenance of certiorari. (*People ex rel. Miller* v. *Justices*, 78 Hun, 334.) The rule was not, strictly, one of limitation, but was a policy relating to the discretionary power to withhold relief where the relator had rested too long on his rights, and the four-month period fixed for certiorari was referred to merely by way of analogy in the exercise of such discretion. (*Matter of McDonald*, 34 App. Div. 512, 514.) While there was no " hard and fast rule," an unexplained delay of over four months " may in general be deemed laches." (See, further, *People ex rel. Young* v. *Collis*, 6 App. Div. 467; *People ex rel. McDonald* v. *Lantry*, 49 id. 131, 133; *People ex rel. Finn* v. *Greene*, 87 id. 346; *People ex rel. City of Tonawanda* v. *Fitzhenry*, 170 id. 227; *Matter of Williams* v. *Pyrke*, 233 id. 345.)

In consolidating the procedure to obtain a review of an official determination and judicial compulsion in the performance of a duty imposed by law, and prohibition, the Civil Practice Act, as amended by chapter 526 of the Laws of 1937, provided for the first time, in respect of mandamus, a statutory limitation of time. (Civ. Prac. Act, § 1286.) This provision, in so far as here applicable, is that a proceeding to compel performance of a duty must be instituted within four months after respondent's refusal on demand to perform his duty. The other conditions provided in the section relating to the time that a determination to be reviewed becomes conclusive upon the petitioner relate to proceedings in the nature of certiorari, and not to a proceeding to compel the performance of a duty.

Read literally, the time limitation of the statute in a proceeding to compel performance of a duty does not begin to run until there has been a demand and a refusal. If relief must always follow in a case having merit in substance instituted within four months after demand and refusal to perform a duty, the power of indefinite suspension of the limitations of time would reside in the petitioner by a refusal, failure or neglect to make expeditious demand that the duty affecting his rights be performed. This right to suspend

indefinitely the time in which the proceeding may be instituted, by not making demand, runs counter to the general purpose of the Legislature to simplify and co-ordinate the remedies now afforded by article 78. It admits of the accrual of complex conditions, crystalized and involved by the passing of time. Order and consistency require that the court should refuse a remedy, although otherwise proper, where laches are shown, based upon delay without satisfactory explanation, in the demand for the performance of a duty. This is quite harmonious with the reasons which formed the basis of the general four-month rule in mandamus which, as pointed out in *Matter of McDonald* (*supra,* p. 514), began to run upon knowledge acquired by a relator of the failure to perform a duty affecting his rights.

The petition here does not allege a demand or refusal, but the petition itself should be construed as a demand, and the answer as a refusal. It is stated in the petitioner's brief, however, that a demand was made on June 6, 1938, which is the date petition alleges petitioner first learned of the appointment of Blanchard. The brief also states that the demand was refused by the counsel for the Civil Service Commission on July 22, 1938. The proceeding has been instituted, in all events, within four months of the time petitioner says he learned of the appointment.

The appointment was a matter of public record. With reasonable diligence the petitioner, who occupies the status of one merely. suspended without pay from the service, ought to have ascertained that the appointment was made at a time earlier than fifteen months after it had been made and nearly a year and a half after the promotion examination for such position had been given. His failure to ascertain what could readily have been learned must be deemed laches in this case requiring denial of the relief sought. The rights of Blanchard in this long occupancy of the position must be considered. Upon the question of the exercise of discretion in refusing mandamus for unreasonable delay, the nature of the case, the relief demanded and the question whether the rights of the defendant " or of other persons have been prejudiced by such delay " must be considered. (*People ex rel. Gas-Light Co.* v. *Common Council,* 78 N. Y. 56, 63.)

No rule applicable to all situations can be stated, but where the rights of a petitioner are ascertainable from public records, and are not learned for over a year during which time the rights of others have accrued, and demand for the performance of a duty is thereafter made, laches will clearly preclude relief by judicial compulsion.

The amendment to the statute by chapter 526 of the Laws of 1937, after the appointment had been made is not helpful to the petitioner, nor did it operate to relieve him of laches, which would, either under the former or the present practice, have barred relief at the time sought.

The petition is dismissed, without costs.

Submit order.