WILLIAM W. FOSTER, Appellant, v. ST. PATRICK'S CHURCH, TROY, N. Y., Respondent.— Appeal from an order denying a motion for a new trial for misconduct of a juror. Order affirmed, with ten dollars costs and disbursements. All concur.

RANDOLPH H. WINSTON, Appellant-Respondent, v. ELLIOTT B. SMOAK et al., Respondents-Appellants.— Motion by plaintiff for judgment on the pleadings and for an order striking out certain separate defenses in the answer, and a motion made by defendants orally without previous notice for judgment on the pleadings. The portion of the order which strikes out certain defenses should be reversed, the sufficiency of those defenses should be determined upon a trial. For earlier litigation in this matter see *Winston v. Saugerties Farms, Inc. [Smoak]* (287 N. Y. 718, affg. 262 App. Div. 435). Order modified on the law, by reversing paragraph numbered (2) which struck out defenses "contained in paragraphs 7 to 24 inclusive of the answer"; "separate defenses alleged and set forth in paragraphs 7 to 18, inclusive, of the answer"; and separate defenses "alleged and set forth in paragraphs 19 to 24, inclusive, of said answer"; and as so modified the order is affirmed. The porton of the order which denies motions for summary judgment is affirmed, without costs. All concur. [See *post,* p. 1017.]

In the Matter of HENRY JERUM, Appellant, against JOSEPH W. MOORE et al., Constituting the Board of Parole of the Executive Department of the State of New York, et al., Respondents.— Appeal from a final order of the Supreme Court denying application by petitioner for reinstatement to the position of parole officer in the Division of Parole and for payment of back salary. Petitioner-appellant has been a parole officer in the Division of Parole since 1936. On December 20, 1940, the Board of Parole filed written charges against the petitioner-appellant pursuant to the provisions of subdivision 2 of section 22 of the Civil Service Law. He, being neither a veteran nor a volunteer fireman, was not entitled to a hearing. Some twenty-four days after the service of the charges, petitioner-appellant served his written answer. Thereafter some of the charges were withdrawn but the Board reached the conclusion that the remaining charges had been sustained and on January 31, 1941, petitioner was removed from office. The written charges filed against the petitioner-appellant were detailed, explicit and substantial. The removal was in strict compliance with the Civil Service Law, the charges and specifications were substantial and in the circumstances they should not be reviewed by the court. The sufficiency of petitioner-appellant's explanation in his answer was a question for the Parole Board alone to determine and the court will not interfere with its discretion in this regard. (*People ex rel. Kennedy v. Brady,* 166 N. Y. 44; *People ex rel. Brown v. O'Brien,* 137 App. Div. 311; *Matter of Rosengarten v. Knapp,* 236 App. Div. 743; *Matter of Brandt v. Cheshire,* 239 App. Div. 845.) The order appealed from should be affirmed. Order affirmed, without costs. All concur. [See *post,* p. 1017.]