In the Matter of MORRIS BERMAN, Petitioner, against BERNARD J. GILLROY, as Commissioner of Housing and Buildings of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, April 12, 1950.

*Baer & Gallin* for petitioner.

*John P. McGrath, Corporation Counsel,* for respondents.

EDER, J. This is a proceeding by petitioner, instituted pursuant to article 78 of the Civil Practice Act to annul the determination made dismissing him from his position of civil engineer in the department of housing and buildings of the City of New York, and directing his reinstatement, with back salary, and for such other relief as to the court may seem just and proper.

The petitioner is a civil service employee. He is not a veteran; he held a position subject to competitive examination.

On October 9, 1948, the petitioner, who also used the name Martin Bernfeld, was taken into custody and brought to a police station, upon a charge that he had committed the crime of sodomy with relation to a nine-year-old boy. Petitioner there dictated and signed a detailed confession; when arraigned the following morning in Felony Court before the Chief Magistrate, he waived examination; at that time he claimed he was beaten when he signed the confession, but the Magistrate stated he saw no evidence of any beating administered to petitioner.

On November 16, 1948, petitioner was indicted for the crimes of carnal abuse, sodomy, assault in the second degree, etc. On June 16, 1949, the indictment was dismissed on the recommendation of the District Attorney because he did not feel that the guilt of the defendant could be established beyond a reasonable doubt.

Nonetheless, charges were served and filed against him on September 30, 1949, and he was dismissed on December 28, 1949. Thereafter this proceeding was instituted. The charges were in writing, two in number. The first charge was the one relating to the commission of the crime of sodomy, afore-mentioned. The

second charge was for lateness and absence. To these charges petitioner served his answer, a denial. A hearing was had before the first deputy commissioner which was recorded, and petitioner made his explanations in relation to both charges. The deputy commissioner found petitioner not guilty of the first charge, stating that " no evidence was adduced at this hearing which would cause me to believe that Morris Berman [petitioner] was guilty beyond a reasonable doubt ". He also continued: " There was no doubt in my mind that Mr. Berman signed the confession in the presence of the two officers. How his signature was obtained is open to conjecture ".

As to the second charge, the deputy commissioner found petitioner guilty of lateness but excused his absences and stated that: " in view of the fact that this is his second offense for being excessively and frequently late, I recommend that he be suspended without pay for a period of sixty (60) days and transferred to some other borough office."

The respondent, Commissioner Gillroy, reviewed the entire proceedings in a seven-page typewritten decision and overruled the deputy commissioner, and found the petitioner guilty on both charges, except as to the item of absences, and directed his dismissal from service. Notice of this determination and of petitioner's dismissal from service was served on petitioner on December 28, 1949.

The petitioner claims that Commissioner Gillroy entertained a feeling of bitterness toward him and that the filing of the charges and resulting dismissal was a case of determination and prejudgment to oust him from service, thereby satisfying a grievance which Gillroy held against him.

It is also his contention that as the indictment on the sodomy charge was dismissed, it could not be made a charge against him before the commissioner, and in entertaining it and finding petitioner guilty thereof, it was an invalid act and illegal and must be annulled.

It is further argued by petitioner that the sodomy charge had nothing to do with petitioner's competency on his job, and that the offense, even if committed, was not committed in connection with his duties as an employee, and was not committed during working hours.

I see no force in these claims. Firstly, the dismissal of the indictment against petitioner has no bearing upon the disciplinary proceedings (*People ex rel Wood* v. *Department of Health of City of N. Y.*, 144 App. Div. 628, 630, affd. 202 N. Y. 610); secondly, although petitioner was entitled to the rule of reason-

able doubt in the criminal prosecution, such rule does not prevail in the hearing of the charges aforesaid (*People ex rel. Cunningham* v. *Bingham,* 134 App. Div. 602, 604). Insofar as the point is made that the offense charged related to a matter unconnected with petitioner's official duties and outside his hours of work, it is devoid of legal stability. As said in the *Wood* case (*supra*) the charge, if true, established such a disregard of morality and decency as constitutes convincing proof of misconduct, evidencing unfitness for the official position he occupied, or any other.

The respondent Gillroy was therefore at liberty to proceed with the hearing of the charge against petitioner as to the sodomy occurrence.

In his decision and review of the proceedings, in a detailed examination of petitioner's answer and explanation, Commissioner Gillroy found them to be incredible, fantastic, evasive, false, inconceivable and ridiculous. On the issue of veracity as between petitioner's story and the version given by Officer Mattarozo and Detective Mansfield, both of whom had testified, he resolved the issue of credibility in favor of these officers and found petitioner's story to be a complete fabrication of the truth.

There is, in the opinion of this court, ample justification for the conclusions and decision of the respondent, in relation to the first charge. In any event, on the issue of credibility the court may not interfere therewith in the absence of conclusive proof of innocence.

Though the evidence on the sodomy charge may not have been sufficient to estabish the guilt of the petitioner beyond a reasonable doubt, there was certainly substantial evidence in his written confession to warrant disciplinary action being taken against him, and while petitioner claimed it was obtained under duress, the officers denied this and stated it was voluntarily made and signed by him, and upon this issue they were believed.

It is unnecessary to detail this sordid occurrence or the other extraordinary behavior of the petitioner beyond reference to the record and the decision and analysis of Commissioner Gillroy, heretofore alluded to.

The commissioner, in his decision, took cognizance, and properly so, in my opinion, of the acts mentioned in charge one, stating: "The act or acts committed, as charged in the first specification, constitute a high degree of moral turpitude which would necessarily affect his efficiency with this department. The nature of his official duties brings him in constant close personal contact with the public, some of whom are women."

He concluded that his reinstatement would have a bad effect upon the morale and efficiency of his fellow employees.

I can find no legal ground to interfere with these views and conclusions.

As to the charge of prejudice and prejudgment, I find them to be without substantiation. The petitioner has shown himself to be a troublesome individual so that none of the five borough superintendents wanted him transferred to their offices. That Commissioner Gillroy resented his behavior, latenesses and absences does not establish prejudice or bias as to have disqualified him to act. It is a perfectly understandable reaction.

We come, lastly, to the charge of latenesses, which are asserted by petitioner to be trivial, and cannot be regarded as a substantial charge. Perhaps so, if once or twice or thrice indulged in; but when it occurs repeatedly, as it did here, during July, August, September and October, twenty-eight times, it may be regarded as serious. So the deputy commissioner regarded it, for he imposed a suspension of sixty days without pay. Commissioner Gillroy regarded it as serious enough to include as added ground for petitioner's dismissal.

After reviewing the record presented, and upon due consideration, I am unable to find that the dismissal of the petitioner was the result of arbitrary, capricious or unreasonable act or conduct of respondent, but resulted from careful, serious and mature consideration and reflection of respondent and that he acted in good faith and with proper motives. I find, further, all proceedings leading up to petitioner's dismissal and his dismissal from service were regular, legal and valid, and that petitioner has no legitimate cause for complaint.

Accordingly, the application is denied, and the petition and proceedings are dismissed. Settle order.