In the Matter of ALBERT FIORINI, Petitioner, against C. BURDETTE PARKHURST, as Mayor of the Village of Endicott and as Presiding Officer of the Board of Trustees of Said Village, et al., Respondents.

Supreme Court, Special Term, Broome County, November 15, 1950.

*Michael J. Rano* and *Paul L. Petrick* for petitioner.

*Richard Battaglini* for respondents.

ZELLER, J.  After a competitive civil service examination the petitioner, an honorably discharged veteran of the United States Navy having served therein during World War II, was appointed, on June 29, 1947, a fireman of the village of Endicott. He continued to serve in that position until November 11, 1949, when he was suspended because of his participation in a crime. On December 14, 1949, he was indicted for grand larceny in the second degree.  On July 25, 1950, the charge was reduced and the petitioner entered a plea of guilty to petit larceny.

The petitioner was never formally removed from such position of fireman.  He was not accorded '' a hearing upon due notice upon stated charges '', nor was he given '' written notice of such proposed removal and of the reasons therefor.''  (Civil Service Law, § 22.)  No reason appears for respondents' failure to comply with the statute.  By express provision of the statute petitioner's suspension could not exceed thirty days.  Although his suspension terminated on December 11, 1949, the respondents have refused to restore him to the position in question.  Therefore, the petitioner was *de facto* separated from his position even though he was not *de jure* removed therefrom.

On August 24, 1950, pursuant to article 78 of the Civil Practice Act, this proceeding was commenced to require the respondents to restore the petitioner to the position of fireman.

In 1937 the Legislature abolished '' the classifications, and writs and orders of certiorari to review, mandamus, and prohibition ''.  (Civ. Prac. Act, § 1283.)  No right to relief theretofore available by such writs or orders was destroyed, nor were any additional rights conferred.  The courts will determine the same questions as if the proceedings had been initiated by one of the writs or orders abolished.  (*Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 167.)

Mandamus is not a writ of right and its allowance or refusal is a matter of discretion with the court before whom the application for the writ is heard.  (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361, 364.)  '' The court in the exercise of its discretion may and should take into consideration a wide variety of circumstances in determining whether the writ should issue.  It may and should consider the facts of the particular case, the exigency which calls for the exercise of its discretion, the consequences of granting the writ, and the nature and extent of the wrong or injury which would follow a refusal of the writ.  The court is not bound to allow the writ merely because applicant shows a clear legal right for which mandamus would be an appro-

priate remedy. * * * The writ will not be issued on mere technical grounds, and it may be granted or refused depending on whether or not it promotes substantial justice ". (55 C. J. S., Mandamus, § 9, pp. 31–32.)

" The writ will be granted to prevent a failure of justice, but never to promote manifest injustice. It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public or private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud." (*People ex rel. Wood* v. *Assessors,* 137 N. Y. 201, 204.)

" Where, however, it appears that with reference to the very question at issue the conduct of the party applying for the writ has been such as to render it inequitable to grant him relief by mandamus, the court may, in the exercise of its discretion, refuse the writ ". (*People ex rel. Durant Land Improvement Co.* v. *Jeroloman,* 139 N. Y. 14, 17.) To entitle himself to a writ the petitioner must come into court with clean hands. (*People ex rel. B. D. Pierce, Jr., Co.* v. *Sohmer,* 167 App. Div. 437, 442.) The writ may be refused where the petitioner has been guilty of laches or inequitable conduct. (*Matter of Salisbury* v. *Rogers,* 252 App. Div. 223, 226.)

This court is requested to restore the petitioner to the position of fireman, from which position it would be respondents' duty, after complying with certain procedural technicalities, to forthwith remove him because of his misconduct. The petitioner has been proved absolutely unfit, because of his conviction for larceny, for the position of fireman which requires frequent entry into homes and places of business. To grant the relief would be contrary to the interests of the public. (*Matter of Burke* v. *Connolly,* 76 Misc. 337; *Matter of Insley* v. *Shanahan,* 173 Misc. 33.)

The application should be denied without costs.