In the Matter of CHARLES J. FAY, Petitioner, against JOHN A. LYONS, as Commissioner of Correction of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, January 2, 1952.

*De Graff, Foy, Conway & Holt-Harris* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Herman N. Harcourt* and *Raymond B. Madden* of counsel), for respondents.

BOOKSTEIN, J. This proceeding, brought pursuant to article 78 of the Civil Practice Act, seeks a direction to the defendants to pay to the petitioner his full salary in the position of industrial foreman in the State Department of Correction from April 21, 1948, to June 5, 1951, a period during which the petitioner was on suspension without pay, and during which time he performed no services for the State.

The petitioner's suspension was followed five days later by a confession of his guilt in having participated in an alleged conspiracy with another State employee in improperly conducting business with the department, in alleged violation of the rules of the department and of the spirit, if not, the letter of section 1868 of the Penal Law.

The petitioner claims that his suspension having been continued beyond thirty days was in violation of subdivision 2 of section 22 of the Civil Service Law, which provides, in substance, that, pending the determination of charges for removal, an employee may be suspended without pay for a period not exceeding thirty days. The petitioner was not presented with formal written charges for his dismissal until June 5, 1951. It appears, however, that such formal charges were withheld primarily at the direction of the District Attorney of Westchester County where the petitioner was indicted for the alleged conspiracy referred to above, pending the trials of those participating in the alleged conspiracy to defraud the State. The indictment against the petitioner apparently is still pending.

It has been held in a number of cases that where there is no authority to suspend an employee pending removal such suspension is invalid. (*Matter of Bramer* v. *Board of Parole,* 247 App. Div. 414; *Haskins* v. *Warner,* 46 N. Y. S. 2d 400, 403; *Hirschberg* v. *Reavy,* 42 N. Y. S. 2d 98.) These cases, however, involved circumstances where the petitioner had been suspended pending determination of charges which the petitioners were presumably not made fully aware of, and there could be no clear advance evidence as to their probable guilt. Accordingly it was, understandably, held in these cases that the prolonged suspension of the employee without pay was unauthorized and invalid.

In this proceeding, however, the petitioner was fully aware of the reasons for his suspension on April 21, 1948, more than three years before instituting this proceeding. Indeed, he confessed under oath five days after his suspension to the impropriety of his conduct while an employee of the department. Later, as a witness in the case involving one of the

participants in the alleged conspiracy, his testimony, the record shows, plainly indicates that he was unequivocally aware of such impropriety. The petitioner disingenuously pleads extenuating circumstances, which this court can characterize only as confession and avoidance. There could have been no doubt in the mind of the petitioner of the grounds on which he was suspended and might ultimately be dismissed from the service. For the petitioner to have sat idly by thereafter for a period of more than three and a half years on the ostensible plea that he hoped for and expected leniency because of his aid in testifying against another of the co-conspirators is rather naive, and legally inexcusable. (*Matter of Amsterdam City Hosp.* v. *Hoffman,* 278 App. Div. 292, 296; *Matter of Williams* v. *Pyrke,* 233 App. Div. 345; *Matter of DeLack* v. *Greene,* 170 Misc. 309; *Matter of Insley* v. *Shanahan,* 173 Misc. 33.) Certain it is that if the petitioner had been removed from his position in April, 1948, instead of having been suspended, a proceeding instituted more than four months after such removal had been effected would have had to be dismissed for laches under these authorities. The same considerations constrain this court to hold that the petitioner is not entitled to the relief here sought, if for no other reason.

But there is a more cogent reason for denying the petitioner's plea to be paid his salary during this long period of suspension during which time he took no positive steps toward his reinstatement. While the court may not at this juncture predetermine or anticipate what action the Department of Correction might take in disciplining the employee (a matter solely within the discretion of the department), this court cannot in good conscience extend judicial encouragement toward accomplishing the petitioner's unworthy ends at the expense of the taxpayers to whom he has not been, to say the least, wholeheartedly faithful. (*Matter of Salisbury* v. *Rogers,* 252 App. Div. 223; *Matter of Fiorini* v. *Parkhurst,* 198 Misc. 796; *Matter of Burke* v. *Connolly,* 76 Misc. 337.) This court is fully in accord with the sentiments expressed in *Matter of Insley* v. *Shanahan* (173 Misc. 33, 37, *supra*) and must apply the same principle here: " But the purpose of the statute [Civil Service Law, § 22] was fulfilled. The petitioner knew the nature of the accusations against him and had an opportunity to explain them in a hearing to which he was not expressly entitled \* \* \*. The Civil Service Law confers on such an employee a vested right in his position of which he cannot be deprived except in conformity with its provisions, but the statute gives

no one a vested interest in an office which he cannot fill with either competency, dignity or humanity.''

The conduct of the petitioner herein can hardly be described as exemplary. Even if he were acquitted of the pending indictment it would not preclude the removing officer from considering punishment by way of removal or otherwise. (*Matter of Berman* v. *Gillroy,* 198 Misc. 369; *Croghan* v. *United States,* 89 F. Supp. 1002.)

Furthermore, under the peculiar circumstances of this case, until the petitioner has been successful in being restored to his position, he may not be entitled to receive any salary, irrespective of the duration of the period of his suspension pending determination of his guilt. (*Matter of Flood* v. *Monaghan,* 201 Misc. 560; *Halpin* v. *City of New York,* 54 Misc. 128, appeal dismissed 146 App. Div. 881; *Paris* v. *City of New York,* 189 Misc. 445.)

For these reasons, and because the petitioner's laches is inexcusable, this court should not and will not invoke its discretionary authority to grant the order herein sought. (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361, 364; *Matter of Whalen* v. *Corsi,* 201 Misc. 39.)

The petition is, therefore, dismissed on the merits, with costs. Submit order.