In the Matter of STANLEY L. JONES, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Proceeding under article 78 of the Civil Practice Act, for reinstatement of the respondent (petitioner) to the position of conductor on the railroad of appellant, the New York City Transit Authority. Respondent was employed as such conductor, a position in the competitive class of the civil service, from July, 1947, until August, 1953, at which latter time he was found to be suffering a mental illness and unfit for service as a conductor.

The appellant refused to permit him to function as a conductor, and shortly thereafter stopped paying his salary. He was instructed to and did appear periodically for examinations by physicians. In March, 1954, respondent was found improved in his condition, still unfit for service as a conductor, but qualified to act as a railroad watchman. Thereupon the respondent voluntarily requested that he be assigned as such watchman. The request was granted, and on April 13, 1954, respondent took up the duties of watchman and has continued in that position. The difference in compensation amounts to about three cents an hour. Shortly after accepting the position as watchman respondent brought this proceeding for reinstatement to the position of conductor on the ground that his suspension or removal therefrom was in violation of his rights under section 22 of the Civil Service Law, inasmuch as appellant had never presented him with charges nor held a hearing thereon. At Special Term the application was granted, and an order made directing reinstatement to the position of conductor and the payment of back salary less amounts otherwise earned. Order, insofar as appeal is taken, reversed on the law, without costs, the application denied and the proceeding dismissed. The facts are not in dispute. At no time prior to accepting the position as watchman, nor in the petition herein, did the respondent deny the finding that he was unfit for the duties of conductor. He makes no claim at this time that a hearing would or could result in a different finding. (Cf. *Matter of Smith* v. *McNamara*, 277 App. Div. 580.) It is doubtful that respondent was removed from the position of conductor within the meaning of section 22 of the Civil Service Law; but in either view, and under all the facts, it must be held that he has waived the procedures set forth in that section. Here there was no exaction of an illegal waiver as a condition to employment (Cf. Civil Service Law, § 8-a; *Toscano* v. *McGoldrick*, 300 N. Y. 156, 160–161); but with knowledge of all the facts respondent elected to request assignment to the position of watchman, and upon the granting of the request he accepted the position. Appellant had no intention and made no effort to invoke the disciplinary measures authorized by section 22. On the contrary, and in conformity with its policy to find suitable duties for a disabled employee of more than three years' standing, appellant offered respondent a position which his improved condition qualified him to fill. MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.