■ In the Matter of PATSY J. CATONE, Petitioner, against C. ARCHIE HOPKINS, as Supervising Principal of Union Free School District No. 1 of the Town of Fort Edward, et al., Respondents.— This is a proceeding under article 78 of the Civil Practice Act (transferred to this court by order of the Special Term, entered in the Washington County Clerk's office) to review and for an order annulling a determination of the Board of Education of Union Free School District No. 1 of the Town of Fort Edward, Washington County, New York, removing petitioner from his position as custodian in said school system. The petitioner, a discharged veteran of World War II and employed as mentioned above in the school system from July 1, 1949 to October 17, 1956, was found guilty of written charges filed against him by the supervising principal and dismissed from the school system following a public hearing. The testimony indicates that the immediate cause of the suspension was an occurrence on October 16, 1956 at or near the "Powers School" where petitioner was employed, in which he was charged with using abusive language ("Liar", "Thief", "One-eyed Bastard") and attacking and causing personal injuries to the assistant principal. The specifications also generally charged incompetency in the performance of his duties during the years 1953-1956 in failing to keep the school in a clean and proper condition; refusing to clean rooms after children had been ill; overly aggressive and insubordinate attitude

toward teachers and supervisors, all of which adversely affected the proper conduct of classes and school activities. On May 15, petitioner called Mrs. Wagner, the fourth grade teacher and building principal of the Powers School a "rat". This incident arose because of his failure to clean up after a child had become ill in the classroom and was alleged to have taken place in the presence of students of the school. While this was denied by the petitioner, it was substantiated by Miss Fitzpatrick, another teacher. Several other teachers were called during the hearing who testified that the petitioner failed to keep the rooms clean and that the school itself was dirty. One of these teachers further testified to the dilatory attitude of petitioner in cleaning up in the hall after a child had become ill. From reading the record it would appear that the teachers in testifying were attempting to be fair to the petitioner but in addition to those already mentioned, there were further incidents of "shouting" by the petitioner and a general insubordinate and arrogant attitude toward those in authority and from an examination of the whole record we concur that the attitude of the petitioner was prejudicial to the orderly conduct of the school. Although most of the charges were denied by the petitioner, the credibility of all of the witnesses was for the determination of the board and once having been decided in favor of respondents, there was substantial evidence upon which to base its decision. The remaining question as to the severity of the punishment, under the circumstances here, we feel was likewise within the discretionary power of the board. The petitioner on one other occasion had charges filed against him. The assistant principal Leonard had apparently on one occasion befriended him and sought to advise him as to his conduct. The overall and important question of maintaining proper order, discipline and respect in the school the board had a right to consider in reaching their determination and unless we can say that they abused their discretion (which we do not) we cannot substitute our judgment for that of the board as to the appropriate measure of discipline. (*Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361, 364.) This case is distinguishable in many respects from the case relied upon by petitioner (*Matter of Bancroft* v. *Usher,* 4 A D 2d 808.) The petitioner's rights under section 22 of the Civil Service Law and section 1296 of the Civil Practice Act were fully protected and it cannot be said upon the evidence in the record that the determination of the board was arbitrary or improper. "The Civil Service Law confers on such an employee a vested right in his position of which he cannot be deprived except in conformity with its provisions, but the statute gives no one a vested interest in an office which he cannot fill with either competency, dignity or humanity." (*Matter of Insley* v. *Shanahan,* 173 Misc. 33, 37; *Matter of Fay* v. *Lyons,* 202 Misc. 789.) For reasons herein stated, the determination should be confirmed. Determination confirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.