■ In the Matter of JOSEPH PAPASIDERO, Appellant, v. NICHOLAS V. FASANO et al., as Police Commissioners of the Port Washington Police Department, Respondents.— In a proceeding pursuant to CPLR article 78 to direct respondents, the Commissioners of the Port Washington Police District, to reinstate petitioner as a patrolman in said District and for other related relief, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered December 18, 1963, which dismissed the petition. Judgment affirmed,

without costs. The petitioner was removed from his position pursuant to subdivision b of section 315.0 of the Nassau County Civil Divisions Act (L. 1939, ch. 273), which empowers the Commissioners " to remove any member of the force who may, upon an examination by three licensed physicians, be found to be disqualified physically or mentally for the performance of his duties." Irrespective of whether petitioner should have been afforded a hearing on stated charges pursuant to section 75 of the Civil Service Law and section 1 of chapter 834 of the Laws of 1940, he has not established any right to relief in this proceeding. The fact of petitioner's disability is not disputed. In the petition the findings of the three physicians to the effect that petitioner was physically disqualified from performing his regular duties are not challenged. Indeed, petitioner acknowledged that following a second accident he " did not return to his active duties as a police officer, due to his physical limitation and incapacity." He stated his willingness and ability only " to perform light police work and duties and such other duties and work as his physical condition will permit him to perform and endure." Furthermore, he applied for disability retirement, which apparently was denied on the ground that his disability was not " the natural and proximate result of an accident sustained in the service." Even on this appeal, he contends that he is a disabled police officer entitled to the benefits of section 207-c of the General Municipal Law. The petitioner thus makes no claim or showing that a hearing would or could result in a different finding as to his ability to perform his duties and, consequently, he is not entitled to relief in the nature of mandamus (*Matter of Jones* v. *New York City Tr. Auth.*, 285 App. Div. 1054; cf. *Matter of Fiorini* v. *Parkhurst*, 198 Misc. 796). Nor is he entitled to the benefits of section 207-c of the General Municipal Law (18 Op. St. Comp., 1962, 208 [Opinion 62-391]; cf. *Matter of Mulligan* v. *Murphy*, 14 N Y 2d 223, 226; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 51). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.