Nathaniel T. Helman, J.
Motions under Oalendar Nos. 89 and 178 of March 22, 1974 are consolidated for disposition.
Pursuant to letter of May 10, 1974 from attorney for petitioner Webster, petition is deemed moot and permitted to be withdrawn with regard to Bernard F. Webster.
In this article 78 proceeding, petitioners seek to review the determination of respondent dated February 22, 1974 wherein respondent refused to make an order “restoring and reinstating *173 petitioner’s license.’’’ Respondents move to dismiss the petition on the ground that such order is not reviewable, since it is not a final order, and the court is without jurisdiction to restore the licenses of petitioners.
In December of 1973, an indictment was found by a Grand Jury in the United States court charging petitioners, amongst others, with bribery and conspiracy in connection with harness racing. Their licenses were immediately suspended by respondents Racing ¡Board, and petitioners applied for a hearing in accordance with applicable rules and statutes. On February 6, 1974, a hearing was held at which testimony was taken which resulted in a finding by the hearing officer favorable to petitioners, with a recommendation for full reinstatement of their licenses. On February 22, 1974, the Racing Board ordered the hearings to be reopened for the taking of further testimony bearing ion the propriety of continuing the suspensions pending the outcome of the indictment.
The reasons for the board’s actions, summarized in its order, were (1) the public interest required immediate interim removal from the racing arena of persons charged with tampering with the conduct of harness racing; (2) a further examination of petitioners’ assertion of financial hardship were the suspension continued; (3) exclusion by ¡the hearing officer of matter regarded by the board as relevant, both with relation to the charges contained in the indictment and matters relating to the fitness of petitioners to continue as licensees. The board concluded by stating that “In light of the foregoing, the Board does not believe that the record1 is sufficiently complete to enable it to rule finally in this matter.” Reopening of the hearings was ordered, with the proposed designation of a new hearing officer because of ¡the forthcoming resignation of the present hearing officer to assume new duties in another department.
It is the position of petitioners that the sole predicates for their suspension were the indictments ¡as found, that a suspension on that sole ground was improper, and that the failure of the board to enter a final order within 30 days from the hearing date, in confirmation of the findings and recommendations of the hearing officer, constituted' conduct violative of the petitioners’ rights, and was therefore .arbitrary and capricious.
The statutory authority of the board to investigate and license applicants, extends to areas of financial responsibility, experience, character and fitness, as well as to their possible associations with criminals, bookmakers, touts or disreputable persons. (L. 1951, ch. 324, § 4, as amd.) In the conduct of hear *174 ings, examiners are not bound iby technical rules of' evidence, and ultimate determinations 'are to be made by the chairman and concurred in by two members of the commission. Thus, respondents argue, no final determination has been made by the commission, and an article 78 proceeding is unauthorized (OPLE 7801). It is fundamental that the decision of an administrative agency must be made by an officer or agency authorized to do so. (Elite Daisy Prods. Co. v. Ten Eyck, 271 N. Y. 488.)
It cannot be seriously disputed that the racing board, preliminary to a final determination, may reopen hearings, or order further hearings where it deems the record incomplete. (Matter of Kilgus v. Board of Estimate of City of N. Y., 308 N. Y. 620.) The board was critical of the exclusion by the hearing officer, of evidence concerning the conduct of the licensees and its effects upon track attendance, and his report indicates an awareness of the conflict in viewpoint on these matters between him and the director of operations. The board found that the hearing officer laid much stress on the vagueness of the indictment against petitioners, and too little emphasis on fact finding.
The power of the board to .suspend petitioners under the circumstances is clear, “ and such a suspension pending a serious criminal charge, is not inconsistent with due process.” (Oleshko v. New York State Liq. Auth., 29 A D 2d 84, affd. 21 N Y 2d 778.) It has beep held that even acquittal of criminal charges is no answer to .similar disciplinary proceedings. (Matter of Fay v. Lyons, 202 Misc. 789; Matter of Berman v. Gillroy, 198 Misc. 369.)
Since the board is empowered to make a final determination, it may direct further hearings when it regards the record as incomplete. When that is done, no final determination on the merits has been made until the completion of the hearings. As such it does not fall within the purview of CPLE 7803 until a final order is made. (Matter of Siegel v. Mangan, 258 App. Div. 448, 450, affd. 283 N. Y. 557.)
Bespondents ’ motion to dismiss the petition will be granted.