(14 Misc. Rep. 226.)

### PEOPLE ex rel. ALLEN v. WELLES.

(City Court of Brooklyn, General Term. October 28, 1895.)

1. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—RULES.
   A rule adopted by the police commissioner as provided by the city charter remains binding on the police force until altered or repealed, though the commissioner who made it has been succeeded in office by another person.

2. SAME—HEARING CHARGES—ABATEMENT.
   Under a rule that a policeman may be suspended and reported for intoxication, and may also be prosecuted for disorderly conduct, the fact that a charge of intoxication against a policeman is pending before a magistrate is not a bar to a proceeding before the police commissioner to dismiss the policeman because of such intoxication.

Certiorari by James Allen to review the action of Leonard S. Welles, as commissioner of police and excise of the city of Brooklyn, in dismissing relator from the police force. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

Fenton Rockwell, for relator.
Jacob Brenner, for respondent.

OSBORNE, J. This is a proceeding by certiorari to review the action of the respondent, as commissioner of police and excise, in dismissing the relator from the police force. By the charter of the city of Brooklyn (Laws 1888, tit. 11, c. 583, § 9) the commissioner

of police and excise was authorized "to make such rules, regulations and orders for the government of the police force as he may deem proper," and he was also authorized (section 15), on conviction for violation of rules, etc., to punish by dismissal from the force. It appears from the return to the writ that on or about October 23, 1893, Hon. Henry. I. Hayden, the then commissioner, caused to be adopted, issued, and published certain rules and regulations for the government of the police force, and these rules have never been repealed.     One of such rules (rule 12, § 5) required each patrolman to remain on his post "until the time assigned for the expiration of his tour of duty," except in certain specified cases, not relating to the matters in issue here.     Another of said rules (rule 25, § 5) forbade any member of the force becoming intoxicated, and further provided, in addition to being suspended and reported, that, in case he "became violent, disorderly, or unable to take care of himself, he should be detained as a prisoner, and taken before a magistrate at the next sitting of the court."     On December 18, 1893, the relator was appointed a patrolman on the police force, and at about that time a copy of the said rules and regulations was furnished him. On or about February 1, 1894, the respondent was duly appointed commissioner of police and excise, in place of Mr. Hayden, whose term of office had expired.     On January 24, 1895, charges were preferred by the captain of his precinct against the relator for a violation of both of the above-mentioned rules, and he was also taken before Police Justice Haggerty on a charge of intoxication.     The relator appeared in person and by counsel before the commissioner in answer to said charges.     A trial was had, witnesses examined on both sides, and, after deliberation, the commissioner adjudged the relator to be guilty of both of the charges preferred against him, and dismissed him from the police force.     The relator now seeks, by writ of certiorari, to review this determination of the commissioner, and to have it reversed.

The learned counsel for the relator urges that, as the present police commissioner had never adopted as his own and promulgated the rules and regulations issued by his predecessor, there were no rules of the department in existence under which the relator could be disciplined by the present commissioner.     This contention cannot be sustained.     The police department is a continuous body, and, while the executive head thereof may be changed from time to time, such change never contemplated the readoption of all previous rules and regulations in order to make them binding on the force.     Those rules and regulations stood, not as the act or declaration of an individual, but of the official head of the department, and they continued to be binding on the police force till altered or repealed by the proper authority.     The fact that a charge of intoxication made by the police captain against the relator before a police magistrate was pending and undetermined cannot constitute a bar to the commissioner's proceeding with the trial of charges against the relator, nor can the final decision of the police magistrate acquitting the relator have any effect in this proceeding.     The commissioner had a right to try the relator for a violation of the rules of

the police department, and to punish him, in his discretion, if the charge was sustained; while the police magistrate's duty and power related solely to the trial of the relator for offenses against the people of the state of New York. People v. French, 32 Hun, 112. Both officials acted independently of each other within their respective spheres of duty, and no action of one was binding upon the other.

We have carefully considered the evidence on the trial of the relator, and are of the opinion that the determination of the respondent was well sustained by the evidence. There is nothing to show that any rule of law was violated to the prejudice of the relator. There was competent proof of all the facts necessary to be proved in order to authorize the making of the determination, and there was no such preponderance of proof against the existence of any of those facts that the verdict of a jury affirming the existence thereof, rendered in an action in the supreme court triable by a jury, would be set aside by the court as against the weight of evidence. Code Civ. Proc. § 2140.

The proceedings should be confirmed, with $50 costs and disbursements to the respondent. All concur.