HENRIETTA MENKES, Appellant, v. SAMUEL WEINSTEIN, Respondent, and Others, Defendants.— Action to recover damages for personal injuries sustained by plaintiff as the result of a collision between the motor car in which she was riding, owned and driven by defendant Weinstein, her brother-in-law, and a taxicab owned by the other defendants, as to whom the action was discontinued before trial. Appeal from judgment dismissing the complaint on the merits and from the order denying plaintiff's motion to set aside the dismissal. Judgment and order affirmed, with costs. Lazansky, P. J., Carswell, Scudder and Davis, JJ., concur; Young, J., dissents and votes for reversal and a new trial on the ground that it was error to have excluded Exhibit 7 for identification.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES McHUGH, Appellant.— Judgment of the County Court of Kings county convicting defendant of the crime of abandonment of children reversed on the law, indictment dismissed and defendant discharged, on the ground that the defendant did not abandon his children in the State of New York, as charged in the indictment. Lazansky, P. J., Scudder and Tompkins, JJ., concur; Young and Davis, JJ., dissent and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE YOUNG, Relator, v. ABRAM W. SKIDMORE, as Chief of Police of the Police Department of the County of Nassau, Respondent.— Prior to its being informed of the death of the relator the court had made, but had not published, the following determination: Determination of the chief of police of Nassau county annulled, certiorari proceeding sustained and the matter remitted to the chief of police for a rehearing, without costs, the relator to stipulate, within ten days from the entry of the order herein, to waive the right to back salary from the time of his dismissal up to time of restoration, if he be restored. In view of the fact that the charges upon which the relator was tried were the subject-matter of an investigation by the grand jury, the request of the relator for an adjournment of the trial of the charges should have been granted. The failure to grant the adjournment was prejudicial to the relator, who did not testify in answer to the charges. The proceeding has abated. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

LEIGH J. SESSIONS, Respondent, v. HARRY A. SESSIONS and Others, as Executors, etc., of CHARLES A. SESSIONS, Deceased, Appellants.— Order, so far as it denied defendants' motion for a bill of particulars in an action to recover damages for the breach of a contract between plaintiff and the defendants' testator, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; the particulars to be served within five days from the entry of the order herein. In our opinion the defendants are entitled to the information specified in their motion for a bill of particulars as to which their motion was denied. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.