In the Matter of PATRICK J. SHEEHAN, Petitioner, against JOHN H. DELANEY et al., Constituting the Board of Transportation of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, July 19, 1943.

*G. C. Manning* for petitioner.

*Ralph R. Monroe* and *Nelson Lallathin* for respondents.

WALSH, J. This proceeding is brought under article 78 of the Civil Practice Act to compel the Commissioners of the Board of Transportation of the City of New York to reinstate the petitioner, Patrick J. Sheehan, to his position as bus maintainer, group B, and to pay him his accrued salary from Feb-

ruary 15, 1943, to the date of his reinstatement. The petition shows that on February 8, 1943, the following notice of charges was served on the petitioner, together with a notice of hearing to be held before the respondents on February 15, 1943: "Insubordination and misconduct, in that on Friday, February 5, 1943, at about 4:10 P. M., while in the Thirty-ninth Street Brooklyn Bus Department Office Building, B. M. T. Division, you entered into an altercation with your superior, Assistant Superintendent, W. I. Rodgers, Jr., at which time you assaulted him, striking him repeatedly about the head and body with your clenched fists."

The petitioner filed a notice of appearance by an attorney and pleaded a general denial. The petitioner appeared at the time and place of the hearing with his attorney "and moved for an adjournment of the hearing on said charges * * * until after the criminal charges arising out of the same occurrence * * * had been disposed of in the Court of Special Sessions," which said motion for adjournment was denied. Upon such denial the petitioner and his attorney withdrew from said hearing. The hearing was continued in the absence of the petitioner, witnesses testified, and the respondents dismissed the petitioner from the service of the Board of Transportation.

The petitioner was indicted by the grand jury for assault in the third degree. The trial was held in the County Court on June 9-11, 1943, and the jury returned a verdict of "not guilty." The petitioner then demanded that the respondents reinstate him and pay him his salary. The eighteenth paragraph of the petition reads as follows: "That by reason of your Petitioner's exoneration from the charges so made against Petitioner by the said W. I. Rodgers, Jr., by a Court of competent jurisdiction your Petitioner is entitled to reinstatement to his said position in the service of the said Board of Transportation as a Bus Maintainer, Group B, and to his accrued salary from the 5th day of February, 1943, the date of his suspension from such service as aforesaid."

The answer of the respondents alleges and the minutes of the hearing of February 15 attached to the answer show that the petitioner did not withdraw from the hearing immediately after adjournment was refused. Petitioner's attorney said: "May I, then, have the right reserved at some future date to present the evidence in behalf of Sheehan? I have no witnesses here this morning." To this Commissioner Sullivan replied: "Your application is denied. At any time, later, if

this case is disposed of, you can make an application to the Board and it will then receive consideration; there will be no determination of your application now.'' Petitioner's attorney then offered in evidence his letter of February 10, 1943, addressed to and advising the respondents that he would make the request for an adjournment until after the disposition of the criminal charges. Over the protest of his attorney the petitioner was sworn and responded to questions by the attorneys for the respondents, giving his name and position, and admitted that he received the notice of charges, which was offered in evidence. The respondents then called a witness to identify the petitioner, who personally protested that he was not standing trial. Then the petitioner and his attorney withdrew. The hearing proceeded.

The answer and the minutes also show that the petitioner's insubordination and misconduct were fully proved by competent evidence. Briefly, the facts were that on February 5, 1943, the petitioner and another shop employee, while under the influence of liquor, entered an office building of the Board in violation of the Board's rules and there created a disturbance, which included severe assaults upon one assistant supervisor and an assistant superintendent. The disturbance was stopped when the police, who had been called by another employee, arrived. The respondents decided the charges were sustained and dismissed petitioner from the service.

The petitioner, by reply, denied certain allegations in the answer, again pleaded that the charges and specifications preferred against him were adjudicated by the County Court in the criminal charge, that the proceedings before the Board of Transportation were '' whimsical, arbitrary and capricious,'' and that the petitioner was not afforded an opportunity to offer evidence which was presented in full in the County Court and that such proceedings had before the Board of Transportation were prejudicial to the rights and interests of the petitioner. Attached to the reply are the minutes of the trial of the petitioner for assault in the County Court.

There is now before this court an application for reinstatement of the petitioner and the payment of his salary as prayed for in the petition. The chairman of the Board of Transportation submitted an affidavit in which he summarized the evidence against the petitioner at the hearing before the Board.

Petitioner's attorney submitted a reply affidavit contending, '' It is thus respectfully submitted to the court that said charges having been so resolved in favor of the petitioner are *res*

*judicata* and that this court and the Board of Transportation are bound by the findings."

Petitioner therefore bases his claim for reinstatement and the payment of his salary upon the refusal of the respondents to adjourn the hearing before them until after the disposition of the criminal charges, and upon the " not guilty " verdict in the County Court for the third degree assault.

These contentions are untenable. The provisions of subdivision b of section 14 of the Rapid Transit Law, and section 22 of the Civil Service Law, which govern the rights of employees in disciplinary proceedings, were observed. The petitioner fails to distinguish between departmental disciplinary procedure conducted by the Board of Transportation under these laws and criminal prosecution by the People of the State of New York for violation of a section of the Penal Law. The two are separate and distinct and absolutely independent of each other. The determination of one is not *res judicata* as to the other, and neither one must be held in abeyance for the conclusion of the other. The verdict of " not guilty " of a third degree assault charge does not prove that the petitioner was not guilty of insubordination and misconduct, and that he did not enter into an altercation with and assault his superior. The evidence required to prove insubordination and misconduct might not sustain a criminal charge of assault. In addition, however, efficient administration of government requires that departmental heads be vested with the power to enforce reasonable regulations to govern the work and conduct of employees and to impose reasonable penalties which might sometimes be severe for the violation of those regulations. Were the position of the petitioner to be sustained, then, logically, the respondents should not even suspend the petitioner until after the disposition of the criminal charges. Such regulations are contained in subdivision b of section 14 of the Rapid Transit Law, and in section 22 of the Civil Service Law.

In his replying affidavit the attorney for the petitioner makes the point that the petitioner did not have a full and complete hearing before the Board, since he withdrew.

Our courts have consistently held that the acquittal on a criminal charge does not constitute a bar to disciplinary proceedings. (*People ex rel. Allen* v. *Welles*, 14 Misc. 226; *People ex rel. Fitzpatrick* v. *French*, 32 Hun 112; *People ex rel. Wood* v. *Dept. of Health of the City of New York*, 144 App. Div. 628, affd. 202 N. Y. 610.)

Since the determination of the criminal charge was in no way controlling, the respondents did not exceed their authority or abuse their power when they refused to adjourn the departmental hearing until after the disposition of the criminal charge, and when they refused to reinstate the petitioner and pay his alleged accrued salary after the verdict of not guilty.

The petition itself does not challenge the regularity of the proceedings or the sufficiency of the evidence adduced against the petitioner. Petition dismissed.