■ In the Matter of ALFRED SCHUPPE, Appellant. JAMES A. KIRWIN, as Commissioner of Police of the City of Albany, Respondent.— Appeal under section 138 of the Second Class Cities Law from an order of the commissioner of police of Albany, New York, sustaining charges made against the appellant and dismissing him from the police force. The appellant was charged with " Conduct unbecoming an officer, Dereliction of duty, Delinquency seriously affecting his general character or fitness for office ". The specifications charged that he had violated the police regulations in that he had enabled others to dispose of stolen property and in that he had failed to report information concerning the commission of the crime of criminally receiving stolen property and had failed to apprehend and arrest persons whom he knew to have committed

that crime. The commissioner found that the appellant was "guilty as charged". Upon an appeal under section 138 of the Second Class Cities Law, the scope of review is limited by the statute to questions of law. Therefore, the only question before the court is whether the findings made by the commissioner were supported by substantial evidence. We find, upon a review of the record, ample evidence to support the commissioner's conclusion. The proof showed that the appellant's involvement in the transaction was much more serious than that specified in the charges. It appeared that the appellant was the active, moving party in the sale of a wholesale quantity of butter, which had been stolen from a railroad car; that he had delivered the butter to the purchaser's intermediary and that the purchase price had been paid to him in cash. It was proved that the appellant knew that the butter had been stolen. It was fairly inferable from the evidence that the other participants also had guilty knowledge. The specifications charged the appellant with having failed to report the activities of the other participants but the proof showed that he was not only guilty of this dereliction but of the much more serious offense of having been the leading participant in the commission of the crime himself. It appears that, while the appellant was under suspension from the police force, he was indicted for the crime of criminally receiving stolen property but he was acquitted by the trial jury. It is contended that the acquittal of the appellant in the criminal case is *res judicata* as to the issues in this proceeding. This contention is without merit (*People ex rel. Cunningham* v. *Bingham*, 134 App. Div. 602). Order of dismissal unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ. [See 2 A D 2d 641.]