■ In the Matter of White House Restaurant, Inc., Petitioner, v. Martin C. Epstein et al., Constituting the State Liquor Authority, Respondents. — Proceeding pursuant to article 78 of the Civil Practice Act, to annul a determination of the State Liquor Authority, made August 13, 1962 after hearings, which, *inter alia,* suspended the petitioner's restaurant liquor license for 20 days on the ground that the petitioner on various dates allegedly had suffered or permitted gambling on the licensed premises in violation of the

Alcoholic Beverage Control Law (§ 106, subd. 6). By order of the Supreme Court, Queens County, dated September 11, 1962, made pursuant to statute (Civ. Prac. Act, § 1296), the proceeding has been transferred to this court for disposition. Determination annulled on the law, with costs to petitioner, and matter remitted to the respondents with the following directions: (1) to make available to petitioner a copy of the hearing officer's report; (2) prior to taking any further action, to afford to petitioner a reasonable opportunity to controvert the findings and conclusions contained in the report; and (3) to take any further proceedings not inconsistent herewith. At the conclusion of the final hearing, the petitioner requested a copy of the hearing officer's report. Without having received that report, petitioner submitted proposed findings of fact which were considered by the respondents prior to the making of their determination. However, the fact that petitioner was not given a copy of the hearing officer's report means that it was denied an opportunity to controvert the contents of such report. While a copy of the report appears in the record before us, and petitioner has upon this article 78 proceeding controverted the findings contained therein, nevertheless, the petitioner was denied its right to challenge the report prior to respondents' determination. (See *Matter of Sorrentino* v. *State Liq. Auth.*, 10 N Y 2d 143.) At the beginning of the initial hearing, petitioner moved for an adjournment pending the disposition of a criminal charge against its president. Petitioner stated that the criminal charge involved the violation of the same statute which was the basis of the charges before the respondents. Citing *Silver* v. *McCamey* (221 F. 2d 873), petitioner claimed that if it was compelled to subject itself to the administrative hearing, it would be denied due process (cf. *People ex rel. Young* v. *Skidmore*, 243 App. Div. 611; *Baker* v. *Levine*, 34 Misc 2d 16; *Matter of Sheehan* v. *Delaney*, 182 Misc. 57; see Note, 123 A. L. R. 1453). The hearing officer denied petitioner's motion, stating that petitioner's argument did not apply to the presentation of respondents' case against the petitioner. Respondents' case was presented on March 6, 1962, and it was followed on that day by the testimony of one witness called on behalf of the petitioner. The hearing was then adjourned until March 16, 1962. At that time five witnesses and the petitioner's president testified in petitioner's defense. Neither prior to the testimony of its witness on March 6 nor at any time on March 16, did petitioner request an adjournment pending the disposition of the criminal charge against its president. In our view, the denial of petitioner's motion on March 6 was proper. Whatever the due process requirements may be in circumstances such as those at bar, they did not preclude respondents from recording their case against the petitioner. At the beginning of petitioner's defense on March 6, it was incumbent upon it (if so advised) to renew its motion for an adjournment. In the absence of such a motion, we conclude that petitioner waived the objection it asserted at the beginning of respondents' case. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.