L. Kihgslby Smith, J.
This is a proceeding under article 78 of the Civil Practice Law and Buies to annul a determination of the Board of Education of Central High School District No. 2 of the Towns of Hempstead and North Hempstead.
For several years prior to August, 1962, the petitioner was employed as a custodian in one of the schools of the Central High School District. In 1962 that .school had an enrollment of about 2,600 students in the junior and senior high school grades 7 through 12. The students in attendance were comprised of boys and girls, in about equal numbers, whose ages ranged between 12 and 18 years. Petitioner’s duties as a custodian were performed between the hours of 7:30 a.m. and 3:30 p.m. and included cleaning and the performance of small maintenance and repair jobs.
In August, 1962, the petitioner was arrested and charged with violation of subdivision 1 of section 1141 of the Penal Law. This arrest and the criminal charges made against the petitioner arose out of his possession of certain pornographic materials. The petitioner initially pleaded guilty to these charges in the District Court of the County of Nassau on or about August 23, 1962. By letter dated August 30, 1962, the Superintendent of Buildings and Grounds notified the petitioner in writing that the attention of the Board of Education had been drawn to the petitioner’s plea of guilty and that such board felt that if petitioner was guilty of those charges it could not continue petitioner’s service as an employee of the school district. The petitioner was further advised in this written communication that unless he tendered his resignation within seven days from August 30, 1962, charges would be preferred against him and a hearing had in relation to the matter of his plea of guilty to a violation of subdivision 1 of section 1141 of the Penal Law. Apparently, no letter of resignation was submitted by the petitioner, nor did he thereafter return to work for the school district.
In October, 1962, the petitioner retained counsel who made an application in the District Court for leave to change the petitioner’s previous plea of guilty to a plea of uot guilty. This application was granted.
*1094 A trial upon petitioner’s plea of not guilty was had in the District Court on February 15 and 18, 1963, at the conclusion of which the court found the petitioner not guilty. The court, although finding that the petitioner did have possession of pornographic material, held that such possession did not constitute a violation of subdivision 1 of section 1141 of the Penal Law in the absence of proof that petitioner possessed such material with intent to sell, lend, give away, distribute, show, transmute or offer to sell any of such material.
Between August, 1962 and February, 1963 when the petitioner was acquitted on the criminal charges in the District Court, no charges were filed against the petitioner under the provisions of the Civil Service Law. In the present proceeding, it is alleged by the respondent, and not denied by the petitioner, that the filing of such charges was held in abeyance pending the trial of the petitioner on the aforesaid criminal charge.
The supporting affidavit of the attorney for the respondent, annexed to the answer of the respondent herein, recites that on or about February 21, 1963 petitioner’s attorney informed the attorney for the respondent that petitioner had been found not guilty upon the trial of the criminal charges against him. The affidavit further states that petitioner’s attorney at that time suggested that no charges under the Civil Service Law be filed against the petitioner and that petitioner be permitted to return to work and respondent’s attorney was requested to so advise the Board of Education. According to such affidavit the respondent was advised of the suggestion on February 21, 1963 made by petitioner’s attorney and the attorney for the respondent was instructed to obtain the minutes of the trial in the District Court and to report to the respondent on the nature of the evidence adduced at said trial. The affidavit of the respondent’s attorney further recites that such minutes were obtained by him on March 18,1963 and thereafter reviewed by him. In addition, the attorney for the respondent conferred with the detective who had arrested the petitioner in August, 1962 and who was the complainant in the information setting forth the criminal charge upon which the petitioner was tried in the District Court. It is further recited in the affidavit of the attorney for the respondent that following such review of the trial minutes and his conferences with the detective, he reported to the respondent concerning the testimony given and the evidence produced at petitioner’s trial in the District Court. Thereafter, pursuant to section 75 of the Civil Service Law, the .'Superintendent of Buildings and Grounds of the School District filed charges in writing against the petitioner.
*1095 The petitioner was notified of such charges and furnished with a copy thereof and subsequently interposed an answer dated May 11, 1963. The respondent Board of Education designated one of its members as its deputy to conduct a hearing on such charges and to make a record of such hearing and to refer the record with his recommendations for review and decision by the respondent Board of Education. The hearing before such deputy was held on June 8, 1963 and the petitioner was there represented by his attorney and testified in his own behalf. Subsequently, the deputy who conducted such hearing submitted his report in writing dated July 9, 1963, which was accompanied by a stenographic transcript of all of the testimony taken upon such hearing and all of the exhibits marked in evidence at said hearing with the exception of three which had been returned to and remained under the control of the Property Clerk of the Nassau County Police Department. In his report, the deputy who conducted the hearing recommended that of the total of nine charges preferred against the petitioner, three be sustained, one be sustained in part and the remaining five dismissed. The charges which the deputy recommended be sustained were: That the petitioner for several years during which, or part of which time, he was in the employ of the school district, had purchased, accumulated and retained possession of large quantities of obscene, lewd, lascivious and pornographic materials (Charge “3”); that in or about March or April, 1962 the petitioner had purchased from a then fellow employee (no longer in the employ of the school district) certain pornographic materials (Charge “ 5 ”); that the petitioner by reason of his behavior in purchasing, accumulating and retaining in his possession large quantities of obscene, lewd, lascivious and pornographic materials, was incompetent and not a fit, proper or suitable person to remain in the employ of the school district as a custodian, in which employment he comes into contact with, and can exercise improper influence on pupils attending the school building in which he is employed (Charge “ 11 ”); and that petitioner was guilty of misconduct in engaging in the purchase of pornographic materials from a fellow employee (Charge “ 8 ” to the extent set forth in Charge “ 5 ”). The report of the deputy who conducted the hearing contained a further recommendation concerning the punishment of the petitioner and such recommendation was that he be demoted in grade and title as necessary to be assigned to work hours during which children would not be in attendance at the school building, together with suspension without pay for two months.
*1096 At a meeting of the respondent Board of Education held on August 21, 1903, a resolution was adopted, by the terms of which the respondent board unanimously adopted its deputy’s recommendations as to finding petitioner guilty of certain of the charges preferred against him and by a divided vote adopted the deputy’s recommendation as to punishment. Two members of the respondent board, while agreeing with the deputy’s findings, favored the dismissal of the petitioner from the service. By the terms of such resolution, the petitioner was demoted in grade and title to watchman and suspended, without pay, for two months.
It is the claim of the petitioner that to the extent that it adopted the recommendation of its deputy and thereby found certain of the charges preferred against the petitioner to have been sustained, the determination of the respondent was arbitrary and capricious. It is further claimed by the petitioner that the respondent’s determination was illegal insofar as it prescribed the punishment to be imposed upon him (demotion in grade and title and suspension for two months without pay) because such punishment is claimed to have exceeded the punishment permitted by law.
In connection with petitioner’s claim that respondent’s determination was arbitrary and capricious, this court has reviewed the record upon which the respondent based its decision. This record includes not only the stenographic transcript of the hearing conducted before the deputy duly designated by the respondent, but also the stenographic transcript of petitioner’s trial in the District Court. The fact that petitioner was acquitted after trial of a charge that he violated subdivision 1 of section 1141 of the Penal Law, did not constitute a bar to a disciplinary proceeding under the Civil Service Law founded upon charges of purchase, accumulation and retention of possession of large quantities of pornographic materials (Matter of Fay v. Lyons, 202 Misc. 789, 792, affd. 282 App. Div. 90; Matter of Sheehan v. Delaney, 182 Misc. 57). The petitioner has admitted the purchase and possession of the materials in question. Among the purchases so admitted was one from a person who at the time of such purchase was a fellow employee of the petitioner in the same school building. That purchase involved three film portrayals admittedly falling in the category of so-called “ hardcore pornography ”. Nevertheless, the petitioner urges that the acquisition and possession of the pornographic materials which undisputedly were his do not provide a sufficient basis to support the respondent’s determination.
This court cannot accept the petitioner’s contention. It appears to be the position of the petitioner that unless the *1097 conduct in which he engaged either adversely affected the performance of the duties required of him as a custodian or in some way adversely affected others, he was not guilty of misconduct which would support the determination made by the respondent. Possession of pornographic materials purchased from a then fellow employee in the same school building and from other sources might not prevent or interfere with petitioner’s performance of his janitorial, maintenance and repair duties as such. Indeed, there is nothing in the record to suggest that petitioner’s performance of such duties was other than satisfactory. However, a course of conduct pursued over a period of several years which involves first the purchase and then the continued retention of possession of the pornographic materials here involved certainly bears upon the petitioner’s nature and make-up and more particularly upon his fitness as an individual to hold the position of custodian performing the duties of his position in a public school during the hours when students are in attendance. Even if petitioner’s explanation of why he acquired and retained possession of the materials is given credence, the very nature of the conduct involved and the circumstances surrounding this case as set forth in the record of the hearing before the respondent’s deputy are sufficient, in this court’s opinion, to sustain the respondent’s determination.
The petitioner contends that the penalties imposed upon him by the respondent’s determination exceed those permitted by statute. (Civil Service Law, § 75, subd. 3.) In support of this contention, two arguments are advanced by the petitioner. The first of these is that the petitioner could not be suspended without pay for a period in excess of 30 days pending the hearing and determination by the respondent board. A determination of this question depends upon the extent to which the delay in reaching a determination was attributable to the petitioner. (Matter of Bentley v. Herminger, 10 A D 2d 900.) It has been previously noted that the supporting affidavit attached to the respondent’s answer contains statements which have not been contraverted by the petitioner that the filing of charges pursuant to the Civil Service Law were held in abeyance at the request of the petitioner until the termination of his trial on criminal charges in February, 1963. The fact that these statements have not been controverted by anything submitted in behalf of the petitioner is, however, not conclusive upon him. (CPLB 7804, subd. [e].) The facts contained in the record under review in this proceeding are insufficient to justify a finding that petitioner’s suspension without pay in excess *1098 of 30 days was not warranted. If the petitioner can establish facts demonstrating that delay in reaching a determination was not attributable to him, he may commence an independent action or proceeding to determine that the period of his suspension without pay was excessive.
The second argument relied upon by petitioner in support of his contention that the penalties imposed exceed those permitted by statute, is that subdivision 3 of section 75 of the Civil Service Law prescribes several penalties which may be imposed in the alternative but not in combination. In respect of this argument, petitioner has submitted no authority supporting such an interpretation of the statute. Absent such authority, it is the opinion of this court that a reading of the statute leads to the conclusion that the penalties imposed by .the respondent’s determination in this matter are not excessive.
Accordingly, the petition is dismissed and the determination of the respondent is, in all respects, confirmed.