## (January 27, 1966)

■ In the Matter of DAVID ASKINAZI, Respondent, v. POLICE DEPARTMENT OF THE CITY OF NEW YORK, Appellant.— Order and judgment (one paper) granting petitioner's application to direct the Police Department of the City of New York to adjourn and postpone a disciplinary proceeding against petitioner, then pending in the department, until the trial and entry of a judgment in an article 78 proceeding — brought by petitioner against the Board of Trustees of the Police Pension Fund to compel the granting of his application for a disability retirement pension — unanimously reversed on the law, and the petition dismissed, with $50 costs to appellant. In July, 1963, petitioner applied for accidental disability retirement. When that application was denied petitioner commenced an article 78 proceeding in October, 1964 against the Board of Trustees of the Police Pension Fund to compel the granting of his application. The petition was granted to the extent of directing a jury trial of the issues as to the nature of petitioner's disability. That trial was adjourned; but in the meantime departmental charges were served on petitioner in July, 1965. Certain specifications of those charges, among others, accused petitioner of having attempted to bribe the Chief Surgeon of the Police Department in connection with petitioner's application for the disability retirement pension. The date of the trial of the disciplinary proceedings was set by the Police Department with the purpose of disposing of such proceedings before the trial in the article 78 proceeding. Petitioner then commenced the instant proceeding to restrain the hearing of the departmental trial. After petitioner obtained an order granting such injunction, this court stayed the order appealed from pending the determination of the appeal. By virtue of the stay, the departmental trial was conducted; and petitioner was found guilty on all of the specifications, and was dismissed from the Police Department effective December 2, 1965. Primarily, we question whether the instant proceeding to enjoin the departmental trial could properly be entertained since petitioner had an effective remedy at law to review the action of the Deputy Commissioner in denying an adjournment in an article 78 proceeding. (Cf. McGillicuddy v. Monaghan, 280 App. Div. 144.) In fact, the two cases relied upon by respondent on this appeal — Matter of Grottano v. Kennedy (5 N Y 2d 381) and Matter of Conlon v. Murphy (24 A D 2d 737) — involved article 78 proceedings brought after a final determination by the Police Commissioner. Secondly, it was a palpable abuse of discretion to restrain the departmental trial. The petitioner, as a member of the Police Department, was still subject to disciplinary action for violation of the rules and regulations of the department. Petitioner's status was not affected by the pendency of his application for disability retirement. (Matter of Conlon v. Murphy, supra.) That was particularly true here since the principal charges against petitioner dealt with an attempt to bribe a police surgeon in connection with his pending application for disability retirement. Orderly and proper procedure dictated that, under such circumstances, the trial of the disciplinary charges should precede the trial in the article 78 proceeding. Finally, the question posed by petitioner's application for a stay has become moot, since a departmental trial has been held and a final determination made. The petition would therefore have to be dismissed since the issues it raises are now moot. (Matter of National Bureau of Cas. Underwriters v. Superintendent of Ins., 6 N Y 2d 842; Wilmerding v. O'Dwyer, 297 N. Y. 664.) Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ RAFFAELO CERCIELLO et al., Respondents, and JOSEPH PATRALITEX, Individually and as Administrator of the Estate of GERALDINE PATRALITES,