In the Matter of the Claim of JUDITH MILEAD, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, April 25, 1974.

*Zelman & Zelman*_(*Benjamin M. Zelman* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edward Moss, Murray Sylvester* and *Samuel A. Hirshowitz* of counsel), for respondent.

*Per Curiam.* This is an appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed May 25, 1973, which adopted and affirmed the decision of a Referee sustaining an initial determination of the respondent that claimant was ineligible to receive benefits during the period of October 23 to December 10, 1972 because she was not available for employment.

The claimant contends: (1) that the record does not contain substantial evidence to support the finding of unavailability, and (2) that she was deprived of a fair and impartial hearing resulting in a denial of due process.

The record establishes that at the first hearing held on January 19, 1973 the claimant was represented by counsel and that following extensive examination of the claimant by the Referee, the Referee summarily adjourned the matter due to calendar congestion. At the time of adjournment on January 19, 1973, the Referee did not set any date for the continuation of the hearing. It appears that thereafter a notice of adjourned hearing was sent to the claimant's attorney, setting a date of February 28, 1973. The attorney's office, in response, advised the Referee section that the attorney was out of the State and not expected to return until March 5, 1973 and, accordingly, requested an adjournment. In response to the attorney's letter the hearing was apparently rescheduled for March 7, 1973. The file indicates that, after the matter had been scheduled for March 7, the claimant telephoned the Referee section on March 5 to advise them that her attorney would still be out of the State until March 7 and to request a further adjournment. The file contains a report of that telephone call, and notably the portion thereof which is intended to be marked to indicate what action on the request was taken is left blank. The file further indicates

that the claimant called again on March 6 and requested an adjournment because her attorney could not be present on March 7. Again the message report form in the file contains blanks in the area set aside for indicating what advice was given the claimant. At the hearing on March 7, 1973 the claimant appeared and again advised the Referee as to why she needed an adjournment, her attorney being out of the State and not being able to return until the day of the hearing. The Referee denied the request for an adjournment upon the ground that he had already granted one adjournment from the adjourned date of February 28, 1973.

Upon this appeal the respondent indicates some doubt as to the right of the claimant to be represented by counsel at the administrative hearings. In this regard, subdivision (c) of section 461.4 of the regulations of the Division of Employment (12 NYCRR 461.4 [c]) specifically provides that any party may be represented by an attorney. And, section 461.6 of these regulations (12 NYCRR 461.6) provides that adjournments may be granted by a Referee in his discretion. The record establishes that the claimant was present at the originally scheduled hearing with her attorney and prepared to complete the hearing; however, because of administrative problems the matter was unilaterally adjourned by the Referee. Thereafter, the claimant had difficulty because her attorney was out of the State when the matter was rescheduled. Certainly, the problem which faced the claimant was not one reasonably within her control, and was undoubtedly precipitated by the original adjournment of the proceeding without at that time setting a date certain for continuation. The record does not disclose that the respondent would have been in any way prejudiced by a further adjournment of the proceeding or even that the respondent in any way objected to an adjournment. It does not appear from the record that the claimant was advised in response to her requests for adjournments on March 5 and March 6 that she would have to make an attempt to secure other counsel or that she could have reasonably secured other counsel upon such short notice. The transcript of the hearing on March 7, 1973 discloses a vigorous examination of the claimant by the Referee not only as to her job seeking efforts, but also in regard to some supposed alteration of a doctor's statement. Upon that transcript it is abundantly clear that the services of an attorney would have been beneficial to the claimant and might very well have resulted in a more favorable record as to the claimant's credibility upon the key issue of her efforts to secure employment.

The claimant on her appeal to the board specifically raised the question of a denial of due process and/or deprivation of a fair and impartial hearing resulting from the refusal to grant an adjournment for the purposes of the appearance of counsel. The decision of the board makes no reference to that issue.

Upon the present record the refusal of the Referee to grant a continuance so as to permit the claimant's initial counsel to be present was arbitrary and capricious and resulted in the denial of a fair and impartial hearing. In *Matter of Witt* (*Levine*) (43 A D 2d 598, 599) it was noted that a Referee had denied an adjournment requested by the representative of the respondent herein and the court specifically directed that, upon remittal, the respondent should be given the opportunity to produce that for which he had originally requested an adjournment. While it is desirable that administrative hearings should not be delayed, the administrative process must accommodate itself to those circumstances which develop following an adjournment of hearings, which adjournment was not requested by any of the parties, but was directed as a part of such administrative process.

The Referee in his decision only decided the issue of " availability " for a period from October 23 to December 10, 1972. All other issues were referred back to the insurance office for initial determination. While this court does not decide issues of fact, there would appear to be a substantial attempt on the part of the claimant, considering her over-all problems, to make reasonable efforts to obtain employment during the period in question.

The decision should be reversed, with costs, and the matter remitted for a hearing *de novo* upon the merits of the claim.

HERLIHY, P. J., STALEY, JR., COOKE, SWEENEY and KANE, JJ., concur.

Decision reversed, with costs, and matter remitted for hearing *de novo* upon the merits of the claim.