William A. Walsh, Jr., J.
In this proceeding, Roger Geary seeks to stay disciplinary proceedings pending disposition of criminal charges.
Mr. Geary is a Scarsdale police officer. On or about December 5, 1974, an information was filed by another Scarsdale police officer charging Geary with violating subdivision 3 of section 1192 of the Vehicle and Traffic Law, on November 5, 1974, in that he operated a motor vehicle while intoxicated. It is alleged that he refused to submit to an alcohol breath test.
On or about December 11, 1974, Geary was arraigned on the criminal charge and entered a plea of not guilty. However, he was suspended from duty without pay.
On or about December 12, 1974, similar charges against Geary were filed with the Board of Trustees of the Village of Scarsdale by the Acting Chief of Police. Thereafter, on December 16,1974, a notice of hearing was served upon Geary.
A hearing was scheduled for February 11, 1975, at which time Geary’s counsel requested an adjournment until after *964 disposition of the criminal charges. This motion was denied and the matter was recalendared.
Geary is willing to remain suspended without pay and to forfeit that pay regardless of the outcome of the criminal or disciplinary proceedings. It is his contention that if the administrative hearing is not stayed pending disposition of criminal charges, his constitutional rights would be impaired.
Sheehan v Delaney (182 Misc 57) involved a CPLR article 78 proceeding to compel reinstatement of petitioner to his job as a bus maintainer in the Board of Transportation. A notice of charges had been filed against him alleging misconduct and insubordination in the assault of an Assistant Superintendent.
Petitioner moved for an adjournment of the departmental hearing until after criminal charges, arising out of the same occurrence, had been disposed of. The motion was denied and petitioner withdrew from the hearing, which continued in his absence. Respondent dismissed petitioner from his employment.
In a subsequent trial of the criminal charges, petitioner was acquitted. This proceeding for reinstatement followed.
The court declared that petitioner’s claim for reinstatement was based upon respondents’ refusal to adjourn the hearing until after disposition of the criminal charges, and upon the "not guilty” verdict.
The court ruled (p. 60): "These contentions are untenable. The provisions of subdivision b of section 14 of the Rapid Transit Law, and section 22 of the Civil Service Law [now section 75], which govern the rights of employees in disciplinary proceedings, were observed. The petitioner fails to distinguish between departmental disciplinary procedure conducted by the Board of Transportation under these laws and criminal prosecution by the People of the State of New York for violation of a section of the Penal Law. The two are separate and distinct and absolutely independent of each other. The determination of one is not res judicata as to the other, and neither one must be held in abeyance for the conclusion of the other.”
The court noted that efficient administration requires that officials be vested with authority to enforce reasonable rules and regulations which are established to govern the conduct of employees, and to impose reasonable penalties, albeit at times severe, for violations of regulations.
*965 As was elsewhere stated: "A police officer occupies a unique role in our society.” (O’Shea v Martin, 34 Misc 2d 987, 989.) Also, "Subjecting himself to these departmental rules, regulations, disciplines and sanctions is implicit in his acceptance of his designation as a member of the police force and his oath of office”. (People v Russell, 33 Misc 2d 851, 854.)
The Appellate Division, Second Department, has held that the denial of a motion to adjourn an administrative hearing pending the resolution of criminal charges was not violative of constitutional due process (White House Rest v Epstein, 19 AD2d 719). The court did state (p 720): "Whatever the due process requirements may be in circumstances such as those at bar, they did not preclude respondents from recording their case against the petitioner. At the beginning of petitioner’s defense on March 6, it was incumbent upon it (if so advised) to renew its motion for adjournment. In the absence of such a motion, we conclude that petitioner waived the objection it asserted at the beginning of respondents’ case.”
The court finds that it would be a palpable abuse of discretion to enjoin or stay departmental disciplinary proceedings until after the completion of criminal proceedings. (See Askinazi v Police Dept. of City of N. Y., 25 AD2d 429.)
The application for a stay is denied. The stay contained in the order to show cause is vacated.
This constitutes the order of the court.
To commence the statutory time period for appeals as of right (CPLR 5513, subd. [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.