Judgment unanimously modified in accordance with memorandum insofar as it requires that departmental hearings should follow, and, as modified, affirmed, without costs. Memorandum: After petitioner’s acquittal on criminal charges of endangering the welfare of an incompetent person, the respondent, Acting Director of the Rome State School, preferred administrative disciplinary charges against him pursuant to section 75 of the Civil Service Law. Thereafter, petitioner brought this article 78 proceeding to challenge the propriety of those charges and to prohibit respondent from conducting a disciplinary hearing. Petitioner’s prior criminal acquittal does not bar a subsequent administrative disciplinary hearing even though both proceedings arise out of the same incidents of misconduct (Matter of Schuppe [Kirwin], 1 AD2d 912, mot for lv to app den 2 NY2d 705; Matter of Schnitzler v Casey, 283 App Div 1092; People ex rel. Wood v Department of Health of City of N. Y, 144 App Div 628, affd 202 NY 610). Nor does the subsequent administrative hearing violate the constitutional double jeopardy prohibition (see One Lot Emerald Cut Stones v United States, 409 US 232). Furthermore, the fact *720 that these charges were preferred more than one year after the incidents in question does not bar respondent from instituting disciplinary proceedings. Although the collective bargaining agreement provides that an employee shall not be disciplined for acts which occurred more than one year prior to the notice of discipline, there is a contractual exception to this limitation when the alleged acts of misconduct "would constitute a crime.” Since the acts involved here would constitute the crime of endangering the welfare of an incompetent person, even though petitioner was, in fact, acquitted on these charges, respondent’s disciplinary proceeding is not time barred by the one-year limitation. However, respondent did err in preferring these charges pursuant to section 75 of the Civil Service Law, and in seeking a departmental disciplinary hearing. At the time of the notice of discipline, a new collective bargaining agreement was in force, designed to operate in lieu of section 75 of the Civil Service Law. The agreement provided that disciplinary charges should be handled as a grievance; respondent’s notice of discipline should have conformed to the mandates of that agreement. While the failure to do so does not require dismissal of these charges, further proceedings in this case, if contemplated, must be in accordance with section 33 of the collective bargaining agreement. (Appeal from judgment of Oneida Supreme Court in article 78 proceeding.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Goldman, JJ.