■ In the Matter of FLORENCE LEONARD, Petitioner, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated October 17, 1979 and made after a statutory fair hearing, which affirmed the determination of the local agency denying petitioner's application for home relief. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to the respondents, at which time petitioner may present the documentation previously requested from her, and for a determination on the merits of her application of May 29, 1979. On March 8, 1979 the petitioner, a 54-year-old woman, was injured on the job and became totally disabled. She applied for disability benefits and workers' compensation. On May 29, 1979 she applied to the Suffolk County Department of Social Services for home relief, and an eligibility interview was scheduled for June 26, 1979. At this interview she was told to furnish, by 1:30 P.M. on July 3, 1979, a number of documents, including a letter from the holder of the mortgage on her home stating that the mortgage payments were up to the date and showing how she was making the payments. On July 2, 1979 she attended a hearing

before the State Workers' Compensation Board but became ill with a stomach ailment, and the hearing was adjourned to July 19, 1979. At the fair hearing in the present case, the petitioner's uncontradicted testimony shows that (1) she was still sick on July 3, 1979 and could not keep her 1:30 P.M. appointment; (2) she requested, through another, an adjournment for this reason; (3) her interviewer at the local agency denied this request; (4) when the petitioner telephoned her interviewer 20 minutes before the scheduled time of her 1:30 P.M. appointment, he refused to discuss the matter with her, saying that her case was closed; (5) her mortgagee refused to give her the required letter until she made a mortgage payment; (6) she had no money to do so until shortly before the hearing, when she received a lump-sum disability payment of $627; and (7) she made a mortgage payment out of this money on the day before the hearing, whereupon the mortgagee said he would send her the required letter (which she had not yet received as of the date of the hearing). In these circumstances, the local agency's refusal to grant petitioner's request for an adjournment was arbitrary and capricious (see 18 NYCRR 351.8 [b]; cf. 18 NYCRR 385.7; *Matter of Carr v D'Elia,* 72 AD2d 769). The adjournment should have been granted and petitioner permitted to present the documentation required to establish her eligibility for public assistance pursuant to her application of May 29, 1979. Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.