■ In the Matter of ANTHONY J. MESSINA, Respondent, v BELLMORE FIRE DISTRICT COMMISSION, BOARD OF FIRE COMIS-

SIONERS, Appellant. [662 NYS2d 565] —In a proceeding pursuant to CPLR article 78 to annul a determination of the Bellmore Fire District Commission, Board of Fire Commissioners dated January 30, 1996, terminating the petitioner's participation in a service award program, the appeal is from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated August 10, 1995, which granted the petition, annulled the determination, and remitted the matter to the appellant for a new hearing.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The petitioner, a 58-year veteran of the Bellmore Fire Department, participated in a "service award program" sponsored by the appellant. Participants in the program earned "points" based on their performance of various volunteer activities. In 1991 the appellant offered a total of 6 years of service credit to those participants in the program who accumulated at least 50 points for that year. The petitioner qualified for this service award, and received the 6 years of service credit plus a monthly stipend of $120.

By his receipt of a letter dated December 6, 1994, the petitioner was advised that the appellant and its attorneys were investigating alleged "irregularities" in the past administration of the service award program. At some point, the Nassau County District Attorney undertook a parallel investigation. The petitioner was advised that the appellant had scheduled hearings for January 18th and 19th, 1995. However, the petitioner did not attend these hearings.

At the conclusion of these hearings, the appellant determined that the petitioner had not achieved 50 points in 1991, that he had "zero (0) years vested in the system", and that his $120 per month stipend should therefore be terminated. By letter dated April 14, 1995, the petitioner was advised that the District Attorney had "closed [his] file". The petitioner then commenced the present proceeding to annul the appellant's determination.

In support of his application, the petitioner asserted that, at the hearing held before the appellant, other participants in the program had been permitted to present evidence demonstrating their entitlement to the service awards. The petitioner argued that his attorneys had requested an adjournment of the hearing, based on the petitioner's reluctance to testify in this

administrative forum during the pendency of a criminal investigation. The petitioner asserted that the appellant's refusal to grant this adjournment was arbitrary.

The Supreme Court granted the petition, finding that "the [appellant's] inquiry required the petitioner to present evidence of his day to day activities four year[s] after the event". The court held that the denial of a brief adjournment was an abuse of discretion. We agree.

The petitioner was unnecessarily placed in the position of either foregoing his right to testify before the appellant, on the one hand, or facing the possibility of having his testimony in that forum used against him in the course of the criminal prosecution with which he was threatened. We do not see what was to be gained by the denial of the petitioner's request for an adjournment. Considering the substantial reason offered by the petitioner in support of his request for an adjournment, and the absence of any countervailing reasons to deny this request, we conclude that the appellant abused its discretion (*see generally, Matter of Leonard v Kirby,* 84 AD2d 538; *Matter of Milrad [Levine],* 44 AD2d 287; *see also, Matter of G&S Pharmacy v Perales,* 151 AD2d 668).

The appellant's remaining contentions are without merit. Bracken, J. P., Florio and McGinity, JJ., concur.

Santucci, J., dissents and votes to reverse the judgment appealed from, deny the petition, and dismiss the proceeding, in the following memorandum, with which Copertino, J., concurs. I disagree with my colleagues and vote to reverse. The majority holds that the appellant abused its discretion by denying the petitioner's request for an adjournment of the hearing because this forced him to choose between "foregoing his right to testify * * * or fac[e] the possibility of having his testimony * * * used against him in the [threatened] criminal prosecution". However, although the denial of the petitioner's request for an adjournment may have compelled him to invoke his Fifth Amendment rights at the administrative hearing, "[i]t is well settled that the privilege against self-incrimination may not be asserted or claimed in advance of questions actually propounded" (*Matter of Figueroa v Figueroa,* 160 AD2d 390; *see also, People v Laino,* 10 NY2d 161, *cert denied* 374 US 104). Therefore, the petitioner could not determine whether to invoke his Fifth Amendment rights unless and until he actually appeared at the hearing and was questioned. Accordingly, the mere denial of the adjournment request was neither arbitrary nor capricious since it did not place the petitioner in the untenable position which the majority suggests.

Furthermore, it has also been held that "[t]he absence of the accused at an administrative hearing is not violative of his right to due process as long as he has been notified of the hearing and afforded an opportunity to be heard" (*Matter of Laverne v Sobol,* 149 AD2d 758, 761; *see also, Sokol v New York State Dept. of Health,* 223 AD2d 809, 811; *Matter of White House Rest. v Epstein,* 19 AD2d 719). Here it is undisputed that the petitioner was advised of and given an opportunity to attend the hearing scheduled by the appellant. Nevertheless, he elected not to appear on the hearing date, even for the limited purpose of personally repeating his request for an adjournment. Moreover, whatever the due process requirements may be in circumstances such as those herein, they did not preclude the appellant from presenting its case against the petitioner (*see, Matter of Askinazi v Police Dept.,* 25 AD2d 429; *Matter of Geary,* 80 Misc 2d 963, 965).

I thus conclude that the Supreme Court erred in finding that the appellant's denial of the petitioner's request for an adjournment was an abuse of discretion.