Whalen, P.J. (dissenting). I respectfully dissent because I agree with petitioner that the Hearing Officer erred in denying its requests for an adjournment to enable it to prepare for the hearing. At the hearing, petitioner’s witnesses expressed concerns that a community residential facility for the developmentally disabled at the proposed site, which is on a steep hill, could create traffic and waste disposal problems. In her decision, respondent’s Acting Commissioner recognized those concerns as “important,” but rejected them as speculative and conjectural absent “evidence such as septic or traffic studies to indicate that the proposed residence would detrimentally alter the nature and character of the neighborhood.” Although the decision whether to grant an adjournment is a matter of discretion (see Matter of Estafanous v New York City Envtl. Control Bd., 136 AD3d 906, 907 [2d Dept 2016]; Redd v Juarbe, 124 AD3d 1274, 1276 [4th Dept 2015]), I conclude that the denial of petitioner’s requests was an abuse of discretion that may well have deprived petitioner of the opportunity to obtain the evidence it needed to prove its case. Petitioner requested an adjournment well before the hearing date (cf. Matter of A & U Auto Repair v New York State Dept. of Motor Vehs., 135 AD3d 856, 857 [2d Dept 2016]), and identified its grounds for an adjournment as a need to prepare its case and a need to consider hiring outside counsel in view of other obligations on the part of its Town Attorney. In my view, the basis for petitioner’s requests was reasonable, and its need for an adjournment “did not result from [a] failure to exercise due diligence” (Stevens v Auburn Mem. Hosp., 286 AD2d 965, 966 [4th Dept 2001]; cf. Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 875-876 [2d Dept 2017]). The majority’s conclusion that petitioner had ample time to prepare for the hearing presumes that petitioner should have started to prepare upon receipt of notice from the sponsoring agency that the site had been selected. One of the purposes of Mental Hygiene Law § 41.34, however, is “to encourage a process of joint discussion and accommodation between the providers of care and services to the mentally disabled and representatives of the community” (Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 240 [1997] [internal quotation marks omitted]), and here discussions between petitioner’s representatives and the sponsoring agency took place during the period after the site selection notice and before the sponsoring agency’s request for a hearing, which was made just over a month prior to the hearing. Under the circumstances, I agree with petitioner that it was not obligated to spend time and money preparing for a hearing before the sponsoring agency actually requested one. Moreover, petitioner’s traffic and waste disposal concerns appear to be legitimate, and in my view they are relevant to the issue whether the proposed facility would substantially alter the nature and character of the area (see Matter of Town of Bedford v State of New York Off. of Mental Retardation & Dev. Disabilities, 144 AD2d 473, 474 [2d Dept 1988]; see generally § 41.34 [c] [5]; Jennings, 90 NY2d at 240-241). Inasmuch as petitioner offered substantial reasons in support of its requests for an adjournment and there was no compelling reason to deny the requests, I conclude that the Hearing Officer abused her discretion in denying them (see Matter of Messina v Bellmore Fire Dist. Commn., Bd. of Fire Commrs., 242 AD2d 631, 633 [2d Dept 1997]; see generally Chamberlain v Dundon [appeal No. 2], 61 AD3d 1378, 1379 [4th Dept 2009]; Matter of Treger, 251 AD2d 1067, 1067 [4th Dept 1998]). I would therefore annul the challenged determination and remit the matter to respondent for a new hearing (see Cenegal Manor v Casale, 251 AD2d 259, 260 [1st Dept 1998]; see also Treger, 251 AD2d at 1067). Present—Whalen, P.J., Centra, DeJoseph and Winslow, JJ.